NEW-YORK,
Nov. 1810.

DAVIS
v.
GILLET.

*Hoffman*, in reply, observed, that the preliminary proofs were amply sufficient, and were supported by the evidence at the trial. The goods were necessarily sold at auction, according to the mode of proceeding at *Martinique*. It is the universal practice to sell damaged goods at auction, for the benefit of whoever it may concern. It is the constant practice in the port of *New-York* for the wardens to sell at auction all goods which are damaged to the amount of five *per cent.*

Unless objected to at the time, the acts of Mr. *Ferrers*, the agent of the defendants, are conclusive. 1 *Caines*, 444.

*Per Curiam.* The proof of interest and loss were sufficient, in the first instance, to entitle the plaintiff to recover. This is admitted by the act of the agent of the defendants, which is binding on them; and the payment of the money into court was an admission of the cause of action, as alleged in the declaration. The plaintiff is, therefore, entitled to judgment.

Judgment for the plaintiff.

## DAVIS *against* GILLET and another.

Where bail in a court of common pleas, remove out of the county, an action on the recognisance may be brought in this court.

THIS was a suit on a recognisance of bail, taken in a cause, in the court of common pleas of *Rensselaer* county.

A motion was made to set aside the proceedings, on the ground, that the suit ought to have been brought in the court of common pleas, where the original suit was carried on. (6 *Term Rep.* 365.)

The bail had removed out of the county of *Rensselaer* into another county.

*Per Curiam.* The act for the relief of special bail, (24 sess. c. 186.) requires the *scire facias* on recogni-

4

sance against bail, to be served personally, unless the party shall have removed out of the state. As the bail had removed from the county of *Rensselear*, he could not be sued in the common pleas. The suit must, therefore, of necessity, be brought in this court.