## Case No. 8,895.

### McLELLAN v. UNITED STATES.

[1 Gall. 227.] [1]

Circuit Court, D. Massachusetts.　Oct. Term, 1812.

COURTS—APPEAL IN ADMIRALTY—WRIT OF ERROR—CIRCUIT COURT—CONDEMNATION—JUDGMENT ON BAIL BOND.

1. The circuit court of Massachusetts has no cognizance of causes of admiralty and maritime jurisdiction from the district court of Maine, except by appeal; and a writ of error thereon will be quashed.

[Cited in U. S. v. Jarvis, Case No. 15,469.]

2. Semble, that in cases within the collection act of March 2, 1799, c. 128, § 89 [1 Story's Laws, 653; 1 Stat. 695, c. 22], judgment cannot be rendered on the bail bond until after twenty days from the decree of condemnation, and then in open court.

[Cited in The Hollen, Case No. 6,608. Cited in brief in Nelson v. U. S., Id. 10,116. Cited in The Wanata v. Avery, 95 U. S. 616; U. S. v. Ames, 99 U. S. 41.]

[Cited in Bartlett v. Spicer, 75 N. Y. 532; Mitchell v. Chambers, 43 Mich. 158, 5 N. W. 63.]

See The Struggle [Case No. 13,550].

This was a writ of error brought to reverse the decision of the district court of Maine in a cause of admiralty and maritime jurisdiction. A motion was made to dismiss the writ of error, upon the ground that this cause was cognizable only by way of appeal, and not by writ of error. On inspection of the record it appeared, that the libel was filed against certain goods, for being unladen within the district of Saco without a permit from the collector of the district, contrary to the act of 2d March, 1799, c. 128 [chapter 22]. Pending the prosecution, on application of the claimant [Joseph McLellan] the goods were delivered to him on appraisement and giving a bond pursuant to, or intended to be pursuant to, the 89th section of the same act. A decree of condemnation passed against the goods at January term, 1812, and it was thereupon, in the same decree, further awarded by the court, that the appraised value thereof should be paid to the clerk of the court, together with the costs of prosecution, in twenty days from the award of judgment, and in default thereof, that execution should issue for the sums aforesaid against the claimant and his surety on the bond. No appeal was interposed from the decree to the next circuit court, and the cause had been removed to this court at this term upon the writ of error.

Mr. Jackson for plaintiff in error. The judgment on the bond is distinct from the decree, though coupled with it. The one is at common law; the other, is of admiralty jurisdiction. The bond under the collection act differs from the stipulation under the embargo acts, and is not analogous to the stipulations in admiralty. The judgment, therefore, is a judgment at common law, on which

error may well lie. By section 89 of the collection act, judgment on the bond is to be rendered in open court on motion, unless the appraised value is paid within twenty days from the decree of forfeiture. The motion is equivalent to a scire facias, where there is a recognizance. This judgment having been rendered forthwith, without waiting the expiration of the twenty days, is erroneous.

Mr. Lee, district attorney of Maine, contended that the bond resembled a stipulation, and therefore the decision below was a decree of the admiralty, not a common law judgment.

STORY, Circuit Justice (after reciting the facts). On examining the language of the judiciary act of 24th September, 1789, c. 20 [1 Stat. 73], I am satisfied that a writ of error is not the proper process, to remove the decree of the district court of Maine for re-examination into this court. The mode prescribed by law is by appeal to the next circuit court, and as no such appeal was claimed or allowed, the party cannot now take advantage of any errors of fact or law apparent in the cause, so far as it is a cause of admiralty and maritime jurisdiction. But it has been contended by the counsel for the claimant, that although the original decree of condemnation cannot now be inquired into, yet the award of judgment and execution upon the bond is to be considered as a distinct judgment at common law, and that a writ of error lies to correct the errors of law in such judgment; and it is further contended, that the award of judgment and execution in the case at bar, not having been in open court after the lapse of twenty days from the rendition of the decree, is irregular and voidable.

On examining the 89th section of the act under which this bond is taken, it appears that "if judgment shall pass against the claimant, as to the whole or any part of such ship or vessel, goods, wares or merchandize, and the claimant shall not within twenty days thereafter pay into the court, or to the proper officer thereof, the amount of the appraised value of such ship, &c. &c., so condemned, with the costs, judgment shall, and may be granted upon the bond on motion in open court, without further delay." It would seem, therefore, that the judgment on the bond ought to be in open court, after the lapse of the twenty days, and not before. If we had cognizance of the present suit, I should incline to think, that the judgment was irregularly rendered. But I am well satisfied, that upon the true construction of the act, this judgment cannot be considered as a distinct, independent judgment at common law; but as a mere incident and attendant upon the original cause. If the claimant had appealed from the decree of condemnation, the bond would have followed the cause into this court, and upon affirmation of

the decree, the fruits of the bond might have been obtained in the same manner, as in the court below. The bond, in fact, is nothing more than a security taken to enforce the original decree; and is in the nature of a stipulation in the admiralty. It matters not whether a security in an admiralty and maritime cause be by bond, or recognizance, or stipulation. The court have an inherent authority to take it, and to proceed to award judgment thereon according to the course of the admiralty, unless where some statute has prescribed a different course. I consider this act as merely providing a new practice, as to admiralty proceedings on bonds within the purview of it, but by no means as separating the bond from its connexion with the original cause. Following, therefore, the nature of the original cause, it operates as a stipulation, and the court as a court of admiralty may rightfully award execution thereon. See Brymer v. Atkins, 1 H. Bl. 164.

Strictly speaking, a decree of condemnation, in cases like the present, is but an interlocutory having the effect of a final decree, and the ultimate adjudication of the cause is not complete, until judgment has been awarded upon the bond. In the case of The Alligator [Case No. 248], at the last term, the court had occasion to consider the nature and effect of bonds given in admiralty suits, and I refer to that case, as containing my own settled opinion. I am of opinion, that the writ of error should be quashed as having issued improvidently.

As the district judge concurs in this opinion, let the writ of error be quashed. Writ quashed.

---

McLELLAN (UNITED STATES v.). See Case No. 15,698.