(PRIZE.)

## The Harrison.—HERBERT, Claimant,

If the national character of property, captured and brought in for adjudication, appears ambiguous or neutral, and no claim is inter-posed, the cause is postponed for *a year and a day* after the prize proceedings are commenced; and if no claimant appears within that time, the property is condemned to the captors.

In prize causes this court has an appellate jurisdiction only, and a claim cannot for the first time be interposed here; but where the court below had proceeded to adjudication before the above period had elapsed, the cause was remanded to that court, with directions to allow a claim to be filed therein; and the libel to be amend-ed, &c.

APPEAL from the circuit court for the district of Maryland. The libel filed by the captors, in this case, in the district court, alleged, that the goods for which condemnation was sought, were captured and taken out of a Spanish vessel. No claim was filed for the goods in either of the courts below. But, upon the hearing, the district court dismissed the libel, upon the ground, that the property, to whom-soever belonging, was protected by the 15th article

of the treaty of 1795 with Spain, by which, free ships make free goods; and this decree was affirmed, upon the same principle, in the circuit court. The captors brought the cause, by appeal, to this court; and a motion was made by *Winder*, in behalf of Elry Herbert, an asserted claimant, to be admitted to file a claim in this court.

1816.

The Harrison.

STORY, J., delivered the opinion of the court.

We have considered this question with a view to the general rules of practice. Whenever a prize is brought to adjudication in the admiralty, if, upon the hearing of the cause upon the ship's papers, and the evidence taken in preparatory, the property appears to belong to enemies, it is immediately condemned. If its national character appear doubtful, or even neutral, and no claim is interposed, the court do not proceed to a final decree, but the cause is postponed, with a view to enable any person, having title, to assert it, within a reasonable time, before the court. This reasonable time has been, by the general usage of nations, fixed to a year and a day after the institution of the prize proceedings; and if no claim be interposed within that period, the property is deemed to be abandoned, and is condemned to the captors for contumacy and default of the supposed owner. In the present case the prescribed period had not elapsed at the time when the district court proceeded to decree a dismissal of the libel. A claim cannot, by the practice of *this* court, be for the first time interposed here. In prize causes this court can exercise only an appellate jurisdiction, and between

March 18th.

parties who have litigated in the court below. We are all, therefore, of opinion that this cause ought to be remanded to the circuit court, with directions to allow the claim to be filed in that court; and, also, to allow the libel to be amended so as to conform to the general allegation of prize, and enable the captors to obtain condemnation of the property, if the asserted claim shall not be sustained, and the property shall not appear entitled to the protection of the Spanish treaty.

Case remanded.[a]

a Vide APPENDIX, note II.