Livingston et al. *vs.* Steam-Boat Tallapoosa.

---

LIVINGSTON et al. *vs.* STEAM-BOAT TALLAPOOSA.

1. The statutes of this State authorise the prosecution either of an appeal or writ of error, as to all final judgments and decrees of the Circuit and County courts,—admiralty cases as well as others.

2. And, in such cases, an appeal is the most appropriate remedy, as the claimant can thus suspend the execution of the decree, both as to himself and the stipulators.

3. At common law, stipulators may not question the correctness of a decree of condemnation.

4. And if stipulators alone appeal, they are confined to a review of the judgment, so far only as they are themselves concerned.

5. (The case of Richardson et al. vs. Cleaveland and Stuggins, (5 Porter, 251,) reviewed and corrected.)

Error to the County court of Mobile, exercising admi- ralty jurisdiction.

Libel of a steam-boat, for provisions and stores fur- nished.

The defendant in error filed his libel in the County court of Mobile, against the steam-boat Tallapoosa, for

Livingston et al. *vs.* Steam-Boat Tallapoosa.

provisions and stores furnished the boat, at the request of the master of said boat, and the boat was attached and seized by the sheriff to answer the libel, and the parties who prosecuted this writ of error, were the individuals to whom the steam-boat was delivered, after its seizure under the attachment. They entered into the usual statutory bond, conditioned to pay such judgment as should be rendered on the libel. No claim whatever was interposed by any one in the County court, and a decree *pro confesso*, or rather by default, was rendered, and a judgment for the amount ascertained to be due, entered against the plaintiffs in error, as stipulators; to reverse which, they prosecuted thicr writ of error:

The errors assigned were—

1. That the County court had no jurisdiction;

2. That there was no affidavit to the libel, to warrant the seizure;

3. There was no proof of the debt set forth in the libel;

4. There was no foundation for the judgment against the plaintiffs;

5. The debt alleged did not authorise the proceeding.

*Campbell*, for the plaintiffs in error.
*Stewart*, contra.

GOLDTHWAITE, J.—If the principles of the common law, were to be applied to the determination of this case, it is clear, that the plaintiffs in this court, ought not to be permitted to question the validity of any judgment of condemnation rendered against the steam-boat, either in the case of default or otherwise.

Livingston et al. *vs.* Steam-Boat Tallapoosa.

In the case of Stebbins vs. Fitch, (1 Stewart, 186,) it was determined, that a garnishee would not be allowed to question the regularity of the judgment against the defendant in attachment, as whose debtor he was summoned; and in Thompson vs. Allen, (4 Stew. & Por.184,) the same doctrine was recognized and acted upon. In the former case, however, which was prosecuted by the garnishee, it is distinctly admitted, by the court, that he might well have assigned for error, the omission of any judgment against the defendant in attachment. The rule, that bail shall not be permitted to controvert the correctness of the judgment against their principal, is familiar to all, and was recognised by this court in the case of Toulmin vs. Bennett et al. (3 Stew. & Por. 320.)

The same rules obtain in the civil law, as to stipulators; and they are even extended so far, as to pronounce a judgment against each, a mere incident to the previous decree, which, if removed by appeal to another court, entirely suspends, and carries with it, the stipulation into the appellate tribunal, where the proper judgment is rendered—(McLellan vs. The United States, 1 Gall. 227; Brig Helen vs. Ogden, 1 Mason, 431.) In the latter case, it was held, that if the decree of condemnation remained unappealed from, the judgment rendered against the stipulators could not be reviewed on an appeal. In neither of these cases, however, did any question arise, which required the court to decide, if a decree against stipulators was unsupported by a previous decree of condemnation, that the parties could in no manner review the decree against them on an appeal. Nor is any thing said of the relief which persons could have, if a decree

9 P                    15

was rendered against them as stipulators, when, in point of fact, no stipulation was entered into.

Whatever may be the rules of the civil law in such cases, it is conceived, that in relation to them, as well as to all final judgments and decrees of the Circuit or County courts in proceedings of this summary nature, against the stipulators, our own statutes have ordained, that either an appeal or writ of error may be prosecuted.

It is true, that some inconvenience will be felt from the commingling of the practice of the admiralty, with the common law writ of error, but when the rule is once known, it can be conformed to without difficulty.

An appeal is, in reality, the most appropriate remedy; as the claimant, if one has intervened, can thus suspend the execution of the decree, both as to himself and the stipulators; as it is clear, by the practice of the admiralty courts, that this would be its effect. If the stipulators alone appeal, they must, according to the course of practice, and all the analogies of the law, be confined to a review of the judgment, so far only as they themselves are connected with it.

When the writ of error is sued out, it must be by all who are parties defendant to the decree, whether as claimants or as stipulators, otherwise, this consequence will follow, that the decree may be divided into two parts, and one writ of error sued out by the claimant, another by the stipulators, on which different judgments might be rendered, having no connection or bearing on each other. The decree, as to the stipulators, might be affirmed, when that as to the claimant might be reversed, and thus the former would be forced into equity for

relief.    Difficulties like these must be avoided, if it is possible to do so without offering violence to our statutes.

A practice, not very dissimilar to the one, proper to circumstances like these, has long prevailed with us, and furnishes the best rule for our guidance.

We have several statutes, authorising the courts to render a summary judgment against securities on appeal, certiorari, and writ of error bonds.    In all these cases, the sureties are connected with the principals, by the judgment of the court, and it has several times been held by this court, that if after such connection by the judgment of an inferior court, a writ of error is prosecuted, it must be by all the parties, or it will be dismissed—(Caller vs. Brittain, Minor, 27; Webster vs. Yancey, id. 183; Eastland vs. Jones, id. 275; Swift vs. Hill, 1 Porter, 277.)

If a similar rule is applied to decrees like the one before us, we are at one furnished with a practice which is understood, and to which we can conform with less difficulty than to any other; besides this, it will harmonise with our decisions in other respects.    This was the course pursued in the case of Richardson et al. vs. Cleveland and Huggins, (5 Porter, 251,) in which the writ of error was sued out by the stipulators, one of whom was the claimant.    No question was made there, however, as to the parties; but as this course was pursued in that case, it furnishes an additional reason for now adopting it.

In cases of defaults, where judgment has also been rendered against the stipulators, they can pursue their remedy by writ of error, but according to the rules be-

fore ascertained, they can only be permitted to question the validity of the judgment, so far as it affects their own peculiar condition.   When the claimant is also one of the parties to the stipulation, or a decree is rendered against him, the whole can be reviewed at his instance, as was done in the case just cited; but the writ of error must be sued out in the name of all the parties to the decree.

As this practice of sueing out process according to the course of the admiralty, to enforce liens, has very much increased, it is important that it should be established on principles which will bear examination: we therefore deem it proper to state and correct an error which exists in the opinion, as pronounced in the case of Richardson et al. vs. Cleveland & Huggins, (5 Porter, 251.)   With the question determined by that case, and on which it was reversed, we remain perfectly satisfied ; but we also declared, "that the condemnation of the boat, after a stipulation had been entered into, was erroneous, *as the libellants, by such a judgment, would have two remedies.*" Now this consequence does not follow a condemnation merely, but only when a decree for the sale is also rendered.   The condemnation, by itself, is nothing more than the declaration of the court, that the lien sought to be enforced, legally attaches to the boat, or other vessel. If, however, the decree of condemnation was followed by an order for a sale, when the boat or other vessel had been previously delivered on bail, and the statutory bond taken, such a course would be erroneous, as the lien is absolutely determined, and at an end when the bond is taken; that is, so far as the particular claim sought to be

Livingston et al. *vs.* Steam-Boat Tallapoosa.

enforced is connected with it. The correction of this error is only important at this time, as it may save parties cost, by inducing them not to seek to reverse judgments merely on the formal ground, that a condemnation is decreed in connection with a judgment on the stipulation.

In the present case, no attempt is made to impeach the decree against the present plaintiffs, as stipulators merely; the only errors assigned are such as question the decree on grounds shewing that the steam-boat attached, was not subjected to a lien under the statutes.

As these parties are not permitted to go into such an inquiry, under the rules we have ascertained in the former part of this opinion,—the decree is affirmed.