READ, claimant, *vs.* OWEN, MARTIN et al.

1. One who claims an interest in a ship, or other thing, which is the subject of a proceeding in *rem*, must put in his claim upon oath, averring, in positive terms, his proprietary interest: and an agent may be required to prove his authority, before he can be admitted to put in his claim.

2. Where this is not done, the adverse party may insist upon a dismissal of the claim.

3. And a claim thus admitted, may still be contested, by suitable exceptive allegations.

4. But where the claim is admitted, and pleadings to the merits are put in, it is a waiver of the preliminary enquiry, and an admission that the party is rightfully in court.

5. Where several libellants have joined in their libel, because of their common pursuit of the same ship—when their interests become severed by decrees, each decree becomes distinct and independent, and as such, must be appealed from.

6. A writ of error, which seeks to reverse several independent decrees, will be dismissed.

7. And the same rule obtains when several claims are interposed.

8. Any person interested in a ship, or thing proceeded against in admiralty, may come within a year from the time of a decree rendered by default, and on giving security and paying all the costs, and shewing a sufficient cause for his previous default, be admitted to defend.

9. And it is the usual practice on defaults, before a sale is permitted, to require security of the libellant, to answer for the sum received, to any person claiming a right, or presenting his interest within a year.

Error to Dallas County court, exercising admiralty jurisdiction.

Read, claimant, *vs*. Owen, Martin et al.

Libel against a steamer, for the wages of hands.

In this case, the defendant in error, and twelve others, exhibited their libel, in the County court aforesaid, against the steamer Fox, for wages due them, and services rendered by them on board said vessel, as seamen, firemen, &c. To the allegations contained in the libel, a denial was filed on the part of the boat. Judgment was rendered on the verdict of a jury for each of the libellants, separately, for the amount of their respective demands. A sale of the vessel was also ordered, &c.

To reverse the decree, a writ of error was sued out by plaintiff in error, whose name no where previously appears in the record, and who assigned the following causes:

1. The libel does not pursue the statute, in stating that the boat was registered, enrolled or licensed;

2. The facts alleged in the libel are not sworn to by the plaintiffs, or one of them, or by an authorised agent, or factor; but by some indifferent person;

3. The court erred in giving a separate judgment in favor of each libellant;

4. The court erred in giving judgment in favor of the libellants at all;

5. The record is accompanied with no evidence to support the judgments, neither does it contain any;

6. The fiat of the judge is not under his hand and seal;

7. The court erred in ordering a commission to the sheriff to issue, to sell the boat on giving sixty days notice, and consequently, the judgment was wrong;

8. The record is erroneous in containing two declarations, or any at all;

9. The court erred in allowing oral testimony. It should have been taken by deposition, under a commission, as in Chancery cases;

10. The suit is brought by many individuals jointly, for debts due them separately, and for sums below the jurisdiction of the court;

11. The court rendered separate judgments for each individual, for a less sum than its jurisdiction would allow;

12. The court gave judgment for costs in the suit on the declaration, and on the libel.


GOLDTHWAITE, J.—It appears from the record, that no person whatever appeared in the County court, where this proceeding had its origin, claiming any interest in the steam-boat attached. The judgment entry, at the term after the process of monition and attachment was issued, states that, "came as well the plaintiffs by their attorneys and proctors, as Joseph P. Saffold, proctor and attorney *in behalf of the said boat.* And the said Saffold, in behalf of the said boat, denies all the allegations of the libel and proceedings in this case contained, and thereupon, on request of the parties, and by the direction of the court, came a jury," &c.

The plaintiff in error is no where in the proceedings, mentioned as having presented any claim to the boat, and was not admitted to defend the libel, on account of any supposed interest in the same, or for any other cause whatever.

A person of the same name is one of the libellants, but whether he is the same person who sues out the writ of

error, and is described therein as the sole owner, does not appear. The mode in which any one claiming an interest, in a ship or other thing, which is the subject of a proceeding *in rem*, may make himself a party defendant to the suit, according to the course of the admiralty practice, is very distinctly laid down in the books. The first step is the interposition of a claim for the property libelled. In the case of the United States vs. 422 Casks Malaga Wine, (1 Peters, 547,) it is said, the claimant is an actor, and is entitled to come before the court, in that character only, in virtue of his proprietary interest in the thing in controversy ; this alone gives him a *persona standi injudicio.* It is necessary that he should establish his right to that character, as a preliminary to his admission as a party, *ad litem,* capable of sustaining the litigation. He is, therefore, in the regular and proper course of practice, required in the first instance, to put in his claim, upon oath, averring, in positive terms, his proprietary interest. If he refuses so to do, it is a sufficient reason for the rejection of his claim. If the claim be made through the intervention of an agent, the agent is in like manner required to make oath of his belief in the verity of the claim; and if necessary, he may be required to produce and prove his authority, before he can be admitted to put in the claim. If this is not done, it furnishes matter of exception, and may be insisted upon by the adverse party for the dismissal of the claim. If the claim be admitted, on this preliminary proof, it is still open to contestation, and, by a suitable exceptive allegation, the facts of proprietary interest, sufficient to support the claim, may be put in contestation, and formally decided.

It is in this stage of the proceedings, and in this only, that the question of the claimant's right, is generally open for discussion. If the claim is admitted without objection, and allegations or pleadings to the merits are subsequently put in; it is a waiver of the preliminary enquiry, and an admission that the party is rightfully in court, and capable of contesting the merits.

To follow out the course of practice thus indicated, if any one in this suit had intervened as a claimant, we should not question the manner by which he came into court, in the absence of an exceptive allegation, but here no *person* has intervened. It is true, a proctor comes and denies the allegations of the libel, but he only appears on behälf the boat, which cannot thus, or in any other manner, be represented for the purposes of making the *litis contestatio.*

If, however, a claim was properly interposed, in this cause, in the County court, and the claims of the libellants were there contested by a proper party, this writ of error would, notwithstanding, be dismissed, because it seeks to remove several independent decrees. The rule of admiralty practice is clear, that when the libellants have joined in their libel, because of their common pursuit of the same ship, whenever their interests become severed by decrees, each decree becomes distinct and independent, and as such, must be appealed from—(Oliver vs. Alexander et al. 6 Peters, 143.)

The same rule obtains when several claims are interposed—(Stratton vs. Jarvis & Brown, 8 Peters, 4.)

It may be enquired, how, and in what manner, can those who are interested as the proprietors of the ship,

Read, claimant, *vs.* Owen, Martin et al.

or thing which is proceeded against, review the proceedings against it, when a decree has passed by default? According to the course of practice, as laid down in the elementary treatises on admiralty law, any person interested may come in, within a year from the time of the decree, and on giving security and paying all the costs, be admitted to defend—(2 Brown's Civ. & Adm. Law, 405.) And it is stated, as the usual practice on defaults, before a sale is permitted, to require security of the libellant to answer for the sum received, to any person claiming right, or intervening for their interest within a year —(2 Brown's Civ. & Adm. Law, 402.) We are not aware of any decisions in the American courts on this subject, but the rule above quoted seems so reasonable, and protects so perfectly the rights of absent parties in interest, that we do not hesitate to adopt it. In Stratton vs. Jarvis & Brown, (8 Peters, 4,) it is said, if no owner should appear to claim any particular parcel of property, or its proceeds, the habit of courts of admiralty is, to retain such property, or its proceeds, until a claim is made, or a year and a day have elapsed from the time of the institution of the proceedings, but the case did not require any decision on this question of practice—(See also The Harrison, 1 Wheat. 298.) Should any person claiming an interest, then intervene after a default and condemnation, on shewing a different cause for his previous default, he will be permitted to contest the suit, as if no decree had been rendered, and of course the proceedings having then assumed the character of a *litis contestatio*, might, after final judgment, be removed to an

9 P    24

appellate court by the ordinary mode.    Let the writ of error be dismissed.