## JUNE TERM, 1841. 667

Witherspoon v. Wallis et als., stipulators for the Steamboat Asia.

## WITHERSPOON v. WALLIS ET ALS., STIPULATORS FOR THE STEAMBOAT ASIA.

1. When a steamboat or other craft is proceeded against according to the course of the admirality, to enforce a lien under the act of 1836, (Aikin's Digest, 2 ed. 604,) the entering into the stipulation to perform the decree, which by the statute discharges the lien, does not make the stipulators parties to the suit.

2. According to the course of admirality practice, exceptions are never allowed, unless they are raised on specific allegations.

3. When no claim is interposed, a decree of condemnation is a matter of course; and if a stipulation is entered into under the statute, a judgment is rendered against the stipulators according to the condition of their stipulation. And they will not be permitted to inquire into the correctness of the decree of condemnation, except so far as it may be necessary to correct any error in the judgment against them as stipulators.

Writ of error to the Circuit Court of Lauderdale County.

This suit was commenced in the County Court, and is a proceeding under the act of 1836, [Digest 604,] to subject a steamboat to the payment of a demand alledged to constitute a lien.

The libel is unnecessary to be stated, as it is not included in the decision of the Court.

The steamboat was released from seizure on the stipulation of the defendants in error. This stipulation is conditioned to pay to the plaintiff in error such judgment as should be rendered on the said trial. At the return term of the process, the County Court rendered a decree of condemnation against the said boat, for the sum of thirteen hundred and eighty-four dollars and seventy cents, no one appearing in behalf of the said steamboat or her owners to defend the said libel. And it appearing to the satisfaction of the Court, that the defendants in error had entered into a bond, conditioned to pay such judgment as should be rendered on the said libel, judgment was rendered against them for the amount for which the boat was condemned.

The defendants in error sued out their writ of error to reverse the judgment; and in the Circuit Court, assigned several errors, all of which challenged the correctness of the judgment,

as against the steamboat, and against themselves as stipulators. The Circuit Court reversed the judgment, and remanded it to the County Court for further proceedings.

The libellant now prosecutes his writ of error, and assigns, that the judgment of the Circuit Court is erroneous, and that it should have affirmed, instead of reversing, the judgment of the County Court.

HOPKINS, for the plaintiff in error.

COOPER, contra.

GOLDTHWAITE, J.—1. The defendants in error were not in a condition to dispute the correctness of the judgment of condemnation. They have no other connexion with the suit than as stipulators to pay such judgment as should be rendered on the libel. It is true, that the stipulation assumes that they are the owners of the steamboat seized; but before they could be permitted to litigate the suit with the libellant, it was necessary for them to interpose a claim. The mode by which the parties defendants are made to such a suit as this, is very fully examined in Reed v. Owen, 9 Porter 180. And in Livingston v. The steamboat Tallapoosa, 9 Porter 111, we held, that stipulators did not become parties defendant by the stipulation; but that it was necessary they should interpose a claim if they wanted to contest the libellant's demand.

2. If these parties were now permitted to assume the character of parties litigant, it would overturn some of the most salutary rules of admiralty practice, according to the course of which exceptions are never allowed, unless raised on some specific allegation. Every matter of which the defendants in error now complain, could have been avoided, and if necessary, other parties could have been inserted in the libel. Nothing might have remained in such a state, either as to allegation or proof, as to call for revision. But instead of this, these persons, if they are owners, neglect to interpose any claim, and no *contestatio litis* is formed in the primary Court. They cannot now be heard, even if they appeared to be parties of record.

3. But it appears that no claim whatever was interposed by any one in the County Court: a decree of condemnation was therefore a matter of course. The defendants in error stipulate

to pay such judgment as shall be rendered on the libel. The decree of condemnation has been had, and judgment has been rendered against them for the amount of the condemnation which they have agreed to pay. If error was shewn or admitted to exist in the decree of condemnation, the defendants in error cannot be permitted to avail themselves of it. They are not allowed to inquire into the correctness of the condemnation, except so far as may be necessary to correct any error in the judgment against them as stipulators.

It is not pretended that the judgment is not in conformity with the stipulation, and therefore there is no error in the judgment of the County Court of which they can claim any advantage.

The judgment of the County Court must be reversed upon the authority of Livingston v. Steamboat Tallapoosa, before cited, and the case is remanded to that Court, with instructions to affirm the judgment of the County Court, and to render judgment on the writ of error, bond for the damages allowed by law.

This opinion applies to another case between the same parties, in which the same judgment is rendered.