## The Trustees of the Gainesville Female Academy v. Brown.

1. Where the instrument sued on is executed by one, who professes to be an agent, the plaintiff is not required, under our statute, to prove the authority of the agent, unless that fact is put in issue by a plea, verified by affidavit. The statute applies as well to corporations as to individuals.

2. The statute, making the instrument itself, unless questioned by plea, evidence of the debt or duty for which it was given, there was no necessity on the part of the plaintiff, in the absence of such plea, to prove the consideration, or that the contract was within the scope of the legitimate objects of the corporation.

Error to the County Court of Sumter.

THIS action was commenced in the Court below, by the defendant in error against the plaintiff, on an order drawn by one Stephen Allen, on the corporation, in favor of the defendant in error, which was thus accepted, "accepted, G. P. Mobley, treasurer of the Gainesville Female Academy." The jury found a verdict for the plaintiff below. From a bill of exceptions taken at the trial, it appears, that the plaintiff read to the jury the order and the acceptance, and the act of incorporation, which being all the evidence offered, the Court charged the jury.

1. That the acceptance sued upon, not having been denied by plea, verified by oath, it was not necessary for the plaintiffs to prove that the acceptance was signed by Mobley, or that he was, at the time of making it, either treasurer or other agent of defendant, or had any authority to act in its behalf.

The Trustees of the Gainesville Female Academy v. Brown.

2. That no plea of *non est factum* having been interposed, the defendant could not show any want of authority in Mobley to make the acceptance.

3. That the charter of the defendant empowered it, by them-selves or agent, to make such an acceptance, and that it was not necessary for the plaintiff to prove what the acceptance was given for, or that it came within the legitimate business of the defendant as a corporation, otherwise than by its production.

The defendant moved the Court to charge the jury, that unless they believed, from the evidence, that at the time of making it, the acceptor was the treasurer, they must find for the defendant; and that his mere signature on the face of the bill, was not sufficient evidence of that fact; and further, that unless they were satisfied, by proof, apart from the paper itself, that Mobley was the treasurer, and as such, authorized to make the acceptance on behalf, and as the agent of the corporation, they must find for the defendant.

2. That it not being averred in the declaration, that the acceptor, Mobley, was agent of defendant, the plaintiff, to entitle himself to recover, was bound to prove such agency; which instructions the Court refused to give, and the defendant excepted, as well to those given, as to those which the Court refused to give. And now assigns the instructions given, and the refusal to give, for error in this Court.

REAVIS, for plaintiff in error.

SCOTT, contra, cited Minor's Rep. 105, 179; 1 Stewart, 479; 7 Porter, 505; 9 ib. 523; ib. 322; 1 Ala. Rep. 291; 1 Cowen's Rep. 513; Bailey on bills, 68.

ORMOND, J.—The cases referred to by the counsel for the defendant in error, satisfactorily establish the position, that our statute, requiring the execution of any instrument sued on, to be questioned by a plea, verified by affidavit, applies to those cases where the instrument has been executed by one professing to be the agent of the principal. The only doubt which could arise, would be, whether the act applied to a corporation, but we can see no reason for thus restraining it. The fact, whether the corporation has authorised an agent to bind

it, must be as well known to those who manage its concerns, as in the case of an individual, and such persons, or any of them, would be quite as competent to make the oath the statute requires. In Martin v. Dortch, 1 Stewart, 479, it was held, that an adm'r was competent to make the oath on the part of his intestate, and would only be required to swear to the best of his knowledge and belief. That case does not, in principle, vary from the present, and has always been acquiesced in, as a sound exposition of the statute.

There was no necessity cast on the plaintiff, to prove the authority of the agent, Mobley—his right to bind the corporation, being admitted, by the failure to interpose the oath required by the statute.

Nor was it necessary to prove the consideration; the statute makes the instrument itself, unless questioned by plea, evidence of the debt or duty for which it was given; and if the contract was not binding on the corporation, because not within the scope of its legitimate purposes, as designed in its creation, such fact should have been shown by plea; the failure to interpose which, is at least *prima facie* evidence, that the consideration on which it was given, was lawful. See the case of Lazarus and Shearer, at the last term.

There was no necessity to aver in the declaration, that the acceptor of the order was the agent of the corporation—the act of the agent is the act of the principal.

Let the judgment be affirmed.