BELL AND CASEY v. THOMAS.

1. It is premature to render judgment upon a replevy bond, conditioned for the delivery of a steamboat to the sheriff, at the same time that the boat is condemned.

2. If a bond for the delivery of a boat seized under process, in a libel suit, is good as a common law bond, it may be proceeded on as a stipulation, although it does not conform to the statute.

Writ of Error to the County Court of Mobile.

THOMAS, on the 25th January, 1845, sued process of monition and seizure upon a libel filed by him against the steamboat Duquesne, alledging that the boat then was lying at the harbor of Mobile ; that he, at the instance of the master of the said boat, performed services on board the same as second engineer, at $50 per month, in all amounting to $169, the particulars and items of which appear by an account filed. He prays the condemnation of the said steam boat, her tackle, apparel, &c. in satisfaction of his demand.

The process of seizure was returned executed, without setting out the mode of doing so, and in the transcript is a bond executed by Bell and Casey, the condition of which recites the seizure of the boat by the sheriff, and therefore they undertook and bound themselves to deliver the steamboat to the sheriff of Mobile county, on the 1st Monday of March, 1845, by 12 o'clock noon, or to pay and satisfy such judgment as should be rendered on the libel.

In either event the bond was to be void, otherwise to remain in full force. This bond is payable to the plaintiff, Thomas, and is in double the sum demanded by the libel.

At the return of the process, no claim or defence being interposed, a decree was rendered for the libellant, for the sum claimed, and the boat, with her tackle, apparel, &c. condemned to his satisfaction. It was also adjudged, that in case Bell and Casey should fail to deliver the boat, according to their stipulation, then the libellant do recover of them, the said stipulators, the said sum, together with the costs in this behalf expended. And execution was awarded. This decree was rendered the 3d of March, 1845. No subsequent proceedings seem to have been had, unless the return of the sheriff upon the bond as forfeited, on the 3d March, 1845, is to be so considered.

This writ of error is prosecuted by Bell and Casey, who here assign—

1. That the libel is insufficient, and does not conform to the statute.

2. That judgment, in this form, should not have been rendered.

3. That the decree is by default, and the Court did not require a refunding bond.

4. That the judgment against the stipulators was premature.

ADDISON Fox, for the plaintiffs.

E. S. DARGAN, for the defendant.

GOLDTHWAITE, J.—1. The judgment in this case, so far as the plaintiffs in error are concerned, seems to have been prematurely rendered, inasmuch as the condition of the bond is to deliver the boat to the sheriff on a particular day, or to pay the judgment of the Court. In point of fact, the day fixed for the delivery of the boat, is the same as that upon which the judgment was rendered. It is essentially different from a stipulation to pay the amount for which judgment shall be rendered. It seems to have been taken under the act of 1841, [Dig. 140, § 28,] and varies in its legal effect from that required by the previous act of 1836. [Dig. 139, § 23.]

2. It is not important to inquire whether the bond taken is in precise conformity with that required by statute, for if it was va-

riant from that, and could only be supported as a common law obligation, yet it is within the jurisdiction of a Court, proceeding according to the course of admiralty practice, to render judgment on such an obligation as an incident to the principal cause. [The Allegator, 1 Gall. 145.]

The other questions raised in the cause, question the sufficiency of the judgment of condemnation against the boat, and cannot be investigated by individuals interested only as stipulators. [Livingston v. Steamboat Tallapoosa, 9 Porter, 111; Witherspoon v. Wallis, 2 Ala. Rep. 667.

For the premature judgment against the stipulators in the bond, the judgment, so far as it affects them, must be reversed, and if the plaintiff chooses, he may proceed to fix their liability.

Reversed as to Bell and Casey.