# Wood, use, &c. v. Coman et al.

## Action on Statutory Detinue Bond.

56 283
99 605,

56 283,
107 328

56 283
136 149

1. *When appeal lies on nonsuit.* — A nonsuit, taken in consequence of the adverse rulings of the court on the pleadings and evidence (Rev. Code, § 2759), by which it is "considered that the defendants go hence, and recover of the plaintiff their costs in this behalf expended, *unless the Supreme Court shall reverse the rulings of this court, and set aside said nonsuit,*" is such a final judgment as will support an appeal, notwithstanding the addition of the italicized words.

2. *Action on detinue bond; in what court brought.* — When the plaintiff in detinue, or in a statutory action "for the recovery of personal property in specie" (Rev. Code, §§ 2593–98), commenced in the District Court of the United States, obtains possession of the property by executing the necessary statutory bond, and afterwards suffers a voluntary nonsuit, the defendant may sue on the bond in a State court, and is not compelled to sue in the Federal court.

3. *Defendant's remedies in detinue, when plaintiff is nonsuited.* — In detinue, or the corresponding statutory action "for the recovery of personal property in specie" (Rev. Code, §§ 2593–98), if the plaintiff obtains possession of the property by executing the necessary bond, and afterwards suffers a voluntary

[Wood, use, &c. v. Coman et al.]

nonsuit, the defendant may pursue the summary remedy authorized by the statute, or, at his election, sue on the bond.

4. *Bond executed by obligor in wrong name; how sued on.*—When the true name of the obligor is *Joshua* P. C., while the signature to the bond is *J. P. C.*, and, by mistake. the name is written *James* P. C. in the body of the bond; the obligor may be sued by his true name, with an averment that he signed the bond by the name of *J. P. C.*; and in the absence of a plea of *non est factum*, verified by affidavit, the bond is admissible evidence notwithstanding the mistake.

5. *Construction of bond, as to liability of obligors.*—A bond by which the obligors acknowledge themselves " held and firm.ly bound unto " the obligee in the specified penalty, "for the payment of which," it is declared, " we and each of us *bind our heirs, administrators, or assigns,*" binds the obligors personally, notwithstanding the omission of the word "*ourselves.*"

APPEAL from the Circuit Court of Limestone.

Tried before the Hon. W. B. WOOD.

This action was brought by Gulielmus Wood, who sued for the use of Samuel Matthews and others, against Joshua P. Coman and William H. Walker; was commenced on the 17th April, 1872, and was founded on a penal bond, which was in the following words : "Know all men by these presents, that we, Hugh McCrea & Co. of Nashville, Tennessee, *James* P. Coman, and William H. Walker, are held and firmly bound unto Gulielmus Wood, in the sum of twelve thousand dollars; for the payment of which, well and truly to be made, we and each of us bind our heirs, administrators, or assigns. Sealed with our seals, and dated this 19th day of June, 1868. The condition of the above obligation is such, that whereas the said Hugh McCrea & Co. has, on the 10th day of June, 1868, brought suit in the District Court of the United States for the northern district of Alabama, against the said Gulielmus Wood, for the recovery of fifty-six bales of cotton; and whereas the said cotton has been seized by the marshal of said district, under an order of seizure issued by said court, directing the said marshal to deliver the said cotton to the defendants, upon their making a good and sufficient bond, with surety, in double the value of said property, in form of law, five days from the date of seizure; defendant's said bond not having been filed,—now, if the plaintiff, Hugh McCrea & Co., shall deliver the said property to the defendants within thirty days after judgment, in case they fail in this suit, and pay all damages for the detention of the same, with the costs of suit, then this bond to be void and of no effect; otherwise, to remain in full force and effect."— (Signed, "HUGH McCREA & Co., *per J. L. Coman;*" "J. P. COMAN," "WM. H. WALKER.")

The complaint alleged, that *Joshua* P. Coman, one of the defendants, signed and executed this bond by the name of J. P. Coman; and that the name of *James* P. Coman, written in the body of the bond, was intended and meant to designate

the said *Joshua* P. Coman. The alleged breach of the bond was, that at the November term, 1871, of said District Court, the plaintiffs in said suit took a voluntary nonsuit, and that it was thereupon considered by the court that the defendant go hence, &c.; that this judgment was still of force, and unre-versed; and that said plaintiffs, and the defendants in this suit, the obligors in said bond, had wholly failed and refused to deliver the said cotton to the said G. Wood, the plaintiff in this suit, or to pay the costs and damages, &c., according to the condition of said bond. The defendants pleaded "the general issue, in short by consent, with leave to give in evidence any matter which, if specially pleaded, would be a good defense in bar of plaintiff's right to recover;" and the plaintiff replied, with like leave.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence the bond on which the suit was founded, and also a certified transcript of the action in the Federal court in which said bond was given. The defendants objected to the introduction of the bond, and moved to exclude it from the jury, on the following grounds:—"1st, because said transcript of the proceedings in the District Court does not show that said bond was ever taken or filed in said cause; 2d, because said bond imposes no personal liability on the defendants; 3d, because said bond shows on its face that it is the bond of *James* P. Coman, and not the bond of *Joshua* P. Coman, who is sued in this action; 4th, because said bond was given in a proceeding in the District Court of the United States, and could not be sued on in this court." The court sustained the objection, and excluded the bond from the jury, on the third specified ground. In consequence of this ruling of the court, the plaintiff was compelled to take a nonsuit, with a bill of exceptions. The judgment of nonsuit, after reciting the ruling of the court, &c., proceeds thus: "It is therefore considered by the court, that the defendants go hence, and recover of the plaintiff their costs in this behalf expended, unless the Supreme Court shall reverse the ruling of this court, and set aside said nonsuit." The appellant now assigns as error the exclusion of the bond from the jury, and moves to set aside the nonsuit; and a motion was submitted by the appellee, to dismiss the appeal, on the ground that the judgment was not final.

LUKE PRYOR, and R. A. McCLELLAN, for the appellant.—1. The complaint averred that Joshua P. Coman, one of the defendants, signed the bond by the name of J. P. Coman; and that the name of James P. Coman, in the body of the bond, was intended to designate the said defendant. There

was no plea of *non est factum*, verified by affidavit; consequently, these averments are to be taken as admitted, and the defendant in fact signed the bond as alleged. Under these circumstances, the action was well brought: there was no variance, and the bond ought to have been admitted in evidence.—10 Ala. 829; 37 Ala. 642; 38 Ala. 399; 7 Porter, 503; 2 Porter, 54; 1 Stew. 419, 479; 17 Miss. 591; 7 N. H. 230; 4 Dev. 268; 8 Blackf. 413; 7 Jones, N. C. L. 510; 11 B. Monroe, 229; 13 Mo. 321, 539; 7 Cowen, 484; 4 Dev. N. C. L. 272; 3 Peters, 343, 407; 9 John. 334; 8 Iowa, 129; 17 Penn. 327; 7 Watts, 193; 2 Cal. 562; 18 B. Monroe, 160; 8 Grattan, 43; 33 Vermont, 833; 14 Ala. 619; 21 Ala. 699; 22 Ala. 43, 442; 5 Stew. & P. 58; 19 Ala. 707; 18 Ala. 606.

2. The bond shows on its face, very clearly, that the obligors intended to bind themselves personally, as well as their heirs, &c. The omission of the word "ourselves," in one part of the bond, cannot affect its legal meaning and operation. The omission will be supplied by construction, or intendment, if necessary. In construing written contracts or obligations, the courts will transpose, supply, or reject words, phrases, or sentences, for the purpose of ascertaining and effectuating the real meaning and intention of the parties; and will never adopt an absurd, nonsensical, or unnatural construction, which will defeat and destroy the instrument. 10 Ala. 829; 8 Ala. 466; 6 Iredell, 57; 9 Iredell, 250; 9 Yerger, 11; 7 Wendell, 145, 345; 34 Miss. 150; 7 J. J. Mar. 191; 10 N. H. 210; 23 N. H. 118, 198.

3. The objection to the jurisdiction of the court in which the action was brought, if properly presented, was wholly untenable. The District Court would have had no jurisdiction of this action, since all the parties resided in Limestone county, Alabama; and a plea in abatement, for want of jurisdiction, must have been sustained, if the action had been brought in the District Court. The plaintiff here did not go voluntarily into the Federal court, but was carried there as a defendant. He can not be charged with splitting up his cause of action, because he never had one in that court. The authorities cited for appellees, to sustain this point, apply only to plaintiffs in the original suits.—13 John. 424; 6 Wendell, 327, 2 Black, 828; 1 Burr. 642; 3 Burr. 1923.

PAUL L. JONES, L. P. WALKER, and WATTS & SONS, *contra*.— 1. The appeal ought to be dismissed, because the judgment of nonsuit is conditional only, and not final. As showing judgments or decrees from which an appeal will not lie, see *Waters v. Coker*, 39 Ala. 730; *Watt v. Watt*, 37 Ala. 543; *Hamilton v. Gwynn*, 24 Ala. 515; 24 Ala. 441.

2. The bond offered in evidence is, in legal effect, the obligation of *James* P. Coman, and *Joshua* P. Coman is not a party to it. There is no latent ambiguity in it: its terms are plain, full, and explicit; and parol evidence can not be received, at law, to contradict its terms, or to change its legal effect. If the name of James P. Coman was written by mistake, the mistake must be proved in a court of equity, and the bond there reformed.—*Paysant v. Ware & Barringer,* 1 Ala. 160; *Dozier v. Duffee,* 1 Ala. 320; *Beard v. White,* 1 Ala. 436; *Gurley v. Grubbs,* 1 J. J. Mar. 387; *Smith v. Williams,* 1 Murph. 126; 2 Car. & Payne, 474; *Gould v. Barnes,* 3 Taunton, 504; *Gordon v. Austin,* 4 T. R. 611; *Craig v. Brown,* 1 Peters, C. C. 139; *Woster v. Lyons,* 5 Blackf. 60. The case of *Taylor v. Shackelford,* 37 Ala. 642, even if it overrules *Gayle v. Hudson,* 10 Ala. 116, does not change or affect this principle.

3. The action ought to have been brought in the United States Court, in which the bond was given. The proceeding on the bond is but an incident to the original suit, or a continuation of it, and no other court has jurisdiction of it.—*Davis v. Packard,* 6 Wendell, 327; 11 Missouri, 443; 1 Mason, 432; 1 Gallison, 228; 3 Dallas, 475; 4 Wash. 482.

STONE, J.—We think the judgment in this cause must be regarded as final. It was a final disposition of the cause, under section 2759 of the Revised Code. The judgment entry unnecessarily contains the words, "unless the Supreme Court shall reverse the ruling of this court, and set aside said nonsuit." The nonsuit had put the case out of the court; and, after the adjournment of the term, the Circuit Court no longer had jurisdiction of the cause. The added clause seems to have had only the aim—it certainly had only the effect—of anticipating what would be the result, if this court should reverse the ruling of the Circuit Court, and set aside the nonsuit. It did not retain the cause in the court below; and any order in that court, made after the adjournment of that term, would have been irregular. The motion to dismiss the appeal is overruled.

2. An action was instituted in the District Court of the United States for the northern district of Alabama, "for the recovery of personal property in specie." Affidavit was made that "that the property sued for belonged to the plaintiffs," under section 2593 of the Revised Code. Under an order for the purpose, the marshal seized the property; and the defendant failing to give a replevin bond within five days after seizure, the plaintiffs, by their agent, executed bond, and took possession of the property. The plaintiffs subse-

quently suffered a voluntary nonsuit, and the said detinue suit was finally disposed of at their costs. This left the cotton in their hands, with no judgment for its recovery by defendant, which it was the right, if not the duty, of the District Court to render under section 2595 of the Revised Code, if the suit had continued. It is here contended, that, inasmuch as the detinue suit was brought in the District Court of the United States, and the bond, which is the foundation of the present suit, was given in that suit, the Circuit Court of Limestone had no jurisdiction of that action.

We have no disposition to question the rule, that when one of two tribunals, having concurrent jurisdiction, has obtained possession of the subject, and is in the exercise of such jurisdiction, this excludes all interference by the other tribunal; and such jurisdiction by the court first acquiring it, becomes, *pro hac vice*, exclusive. This rule is necessary to prevent collisions, which would disturb the peaceful administration of justice. And in this country, where we have both a Federal and State judiciary, exercising concurrent jurisdiction over the same territorial area, a clash between the two tribunals would tend to uproot the very foundations of social order.— *McNeill v. McNeill*, 36 Ala. 109; *Scott v. Abercrombie*, 14 Ala. 270; *Shelby v. Bacon*, 10 How. U. S. 56; *Peale v. Phipps*, 14 How. 368; *Green v. Creighton*, 23 How. 90. It will be seen that the principle on which these cases rest is, that when a court of competent jurisdiction has taken charge of a subject, no other court, of merely co-ordinate jurisdiction, will or can arrest or interfere with the progress of the suit thus pending, until a final disposition of the cause is made. This is a duty of comity, as well as an obligation of right. To bring a case within this principle, however, a prior suit must be pending, to oust the jurisdiction of a second. Former pendency will not do. A plea, to be sufficient in such case, must aver a prior pending suit, still undetermined, in a court of competent jurisdiction.

The argument urged in this case is, that the suit on the detinue bond is a mere continuation of the former suit, and can only be prosecuted in the court in which the original suit was brought. Apparently, the case of *McDermott v. Doyle*, 11 Missouri, 443, is the strongest authority for the position taken. That was an action of detinue, in which the defendant had given bond, under their statute, for the forthcoming of the property, if the plaintiff recovered. The plaintiff did recover, and action was brought on the bond, in a court different from the one in which the detinue suit was prosecuted. Each of the courts was held under State authority, and their jurisdiction of the subject-matter seems to have

been concurrent. The two courts were held in the same county. In giving reasons why the action could not be maintained, the court, among other things, said: "The action on the bond, for a breach thereof, is virtually a continuance and part of the original detinue suit; and to permit the plaintiff to sue on the bond in the court of Common Pleas, would be to permit him to divide his action, and prosecute one branch of it in the Circuit Court, and the other in the Common Pleas." Among the authorities cited in support of this opinion are *Burtus v. McCarty,* 13 Johns. 424, and *Davis v. Packard,* 6 Wend. 327.

We have looked into the Missouri statute, on which this action was brought and bond given, and find it almost literally corresponds to a bail bond at common law. It declares: (Sec. 2.) "The officer charged with the execution of a *capias* in detinue, shall take the defendant, and commit him to jail, unless the defendant enter into bond to the plaintiff, with sufficient security, conditioned that, if judgment is given against him in the action, he will deliver to the plaintiff the property thereby recovered, and pay the damages for its detention, and costs of suit; and the officer shall return the bond with the writ, as in other cases." (Sec. 3.) "If the officer returns the writ executed, and has not the defendant according to the command thereof; or, if he fails to take or return the bond; or, if the bond returned is adjudged insufficient at the return term of the suit, and the defendant fails to perfect his bail, if ruled thereto; the officer shall be made a co-defendant, may defend the suit upon the pleas of the defendant, and shall be subject to the same judgment, and be joined therein." (Sec. 4.) "When a bond, taken in pursuance of this act, is forfeited, the plaintiff shall have the same remedy against the bail, and the bail the same remedy against the principal, and the officer, when made a co-defendant, the same remedy against the principal and bail, as may exist by law in cases of bail in other civil cases, and the same proceedings shall be had thereon." In the fifth section of the said statute, it is declared, that "the court may accept the appearance of the defendant, and cancel the bond, in such manner, for like causes, and with the like effect, as in cases of bail in other civil cases."

So, in all the other cases which we have examined, in which the principle contended for was announced, the question arose on bail bonds, or bonds of similar character, and which were given in the course of judicial proceedings, and for the enforcement of which peculiar remedies were provided; remedies, for the administration of which, other courts were not well adapted.

[Wood, use, &c. v. Coman et al.]

But the rule, even when applied to bail bonds, has its exceptions. In the case of *Burtus v. McCarty, supra,* the court cited approvingly the cases of *Davis v. Gillett,* 7 Johns. 318; *Haswell v. Bates,* 9 Johns. 80; and *Gardiner v. Buchan,* 12 Johns. 459; in each of which cases, the court held, that if the bail resided, or had removed out of the county, or if the principal resided out of the county, this dispensed with the necessity of prosecuting the bail in the same court in which the original suit was brought. The court said: "In the cases which we have mentioned, the party would have been without remedy, unless this court had taken cognizance of the suit against the bail; and having taken cognizance of the cause, we afford the same relief as the court of Common Pleas."

A second reason why the cases cited are not decisive of this is, that in all those cases the party who brought the second suit had been plaintiff in the first. Such second suits were a continuation, for they were resorted to only as a means of garnering the fruits of the first. The present suit is by the defendant, having a very different object. The case cited from 4 Washington, 482, is but a re-affirmance of the doctrine declared in the cases cited from 13 Johns. and 6 Wendell, *supra.* The cases of the *Brig Hallen,* 1 Mason, 434; *McClellan v. U. States,* 1 Gallison, 227, and *Respublica v. Colbert,* 3 Dall. 467, are entirely unlike the present one, and exert no influence on the question.

Conceding, for the sake of the argument, that ordinarily the remedy on a broken replevin bond should be prosecuted in the same court in which the bond is taken, we do not consider it a matter of jurisdiction, but rather a matter of comity and convenience. If a matter of jurisdiction, then no circumstance or accident could supply or excuse the defect. We have shown above that, in certain conditions, the parties aggrieved may prosecute their remedy on the bond, in another and different court from the one in which the detinue suit was brought. The detinue suit in the present case was finally disposed of in the District Court, by the voluntary nonsuit taken by the plaintiff. In this, the defendant had no agency. This left no suit pending in the District Court, of which proceedings on the bond could have been regarded as a continuation. There was no suit to be continued.

3. If it be contended that, under section 2595 of the Revised Code (2944, Code of 1876), the defendant in the first suit should have claimed a verdict and judgment for the property, or its alternate value, and damages for the detention, and should, if necessary, have enforced his remedy under section 2596 of the Revised Code (2945, Code of 1876),

we answer, the defendant in the present suit was in no condition to raise this question. He went out of court by his own voluntary action.—See *Savage v. Gunter*, 32 Ala. 467. There is nothing in the statute which confines defendants to the statutory remedy therein provided; and we hold that, in such case, parties may invoke the statutory remedy, or sue on the bond, at their election.

4. There are a few authorities which hold, that on a contract, executed in a wrong or assumed name, suit can not be maintained against the defendant by his true name, averring in the complaint that such defendant executed the contract in the said assumed name. In such cases, it is said, that the defendant must be sued in his assumed name; and that a plea of misnomer will not avail him.—See *Gould v. Barnes*, 3 Taunt. 503; *Wooster v. Lyons*, 5 Blackf. 60.

In *Gayle v. Hudson*, 10 Ala. 116, our predecessors held, that an action at law could not be maintained on a bond in which a mistake occurred in the name of one of two payees, although the declaration averred the mistake—that the bond was executed to Hudson and *Jones*, meaning by the latter *James*, one of the parties plaintiff to the suit. The principle of the decision was, that an action at law could not be maintained on such bond, without first reforming it in a chancery proceeding. The authority of that case was entirely destroyed by the later and much better considered case of *Taylor v. Strickland*, 37 Ala. 644. The later case is well supported by authority. See the authorities collected on page 645 of that case.

In the complaint in the present case, it is averred that *Joshua* P. Coman signed the bond in the name of J. P. Coman. J. P. Coman is one of the names attached to the bond. In the body of the bond he is described as *James* P. Coman. The complaint avers that this was done by mistake. The defendant interposed no plea of *non est factum*. Such plea is required to be sworn to.—Rev. Code, §§ 2681–2. Failing to file such plea, so verified, is an admission of the execution of the bond by *Joshua* P. Coman, and relieved plaintiff of the necessity of proving it.—See *Trustees v. Brown*, 3 Ala. 326; *McWhorter v. Lewis*, 4 Ala. 198; *Sorelle v. Elmes*, 6 Ala. 706; *Drake v. Flewellen*, 33 Ala. 106. The absence of such sworn plea is an admission that the defendant executed the contract as averred in the complaint. It is thus shown that defendant executed the bond in his true name.—*McRea v. McLean*, 3 Por. 138. This takes this case out of the operation of the rule declared in *Gould v. Barnes, supra*, if that be now the law of this State.

5. The remaining objection to the bond is, that it only

binds the heirs and representatives, and does not bind the parties who signed the bond. This construction is too narrow. All the makers of the bond are "held and firmly bound to Gulielmus Wood," &c. This is the express language of the bond. Contracts are to be construed, *ut res magis valeat, quam pereat.*—1 Brick. Dig. 386, §§ 162–3, and other authorities on the briefs of counsel.

Whether or not McCrea & Co. were bound by their partnership signature, does not in the least affect the parties to this suit.

The Circuit Court erred in refusing to let the bond remain before the jury. His ruling in that regard, disallowing the evidence, forced the nonsuit, taken in the court below.

The judgment of the Circuit Court is reversed, the nonsuit set aside, and the cause remanded.

BRICKELL, C. J. not sitting.