# Meyers, *et al. v.* Martinez, *et al.*

*Bill to Restate an Account for Final Settlement.*

(Decided June 30, 1909.—50 South. 351.)

1. *Appeal and Error; Orders Appealable.*—An order overruling a motion to dismiss a bill in equity for want of jurisdiction apparent on the face of the bill will not support an appeal; the motion is not a plea to the jurisdiction, nor a motion to dismiss for want of equity, and the order is not a decree on the sufficiency of the plea, nor on a motion to dismiss for want of equity.

2. *Same; Jurisdiction; Consent of Parties.*—The necessity for an order or decree that will support an appeal to this court is jurisdictional and cannot be waived, and hence, unless such an order or decree appears in the transcript, the appeal will be dismissed, although the parties consent to and insist upon a review of the cause by this court.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Bill by Mary J. Martinez and others, against Elizabeth D. Meyers, and others to re-open a decree of settlement of administrator's accounts. From an order overruling the motion to dismiss the bill for want of jurisdiction

apparent on its face, respondents appeal. Appeal dismissed.

FITTS & LEIGH, for appellant. The court was without jurisdiction, which was apparent on the face of the bill. —*Penoyer v. Neff*, 95 U. S. 723; *Piquet v. Swann*, 5 Mass. 35; *Hart v. Sanson*, 110 U. S. 154; *L. & N. v. Nash*, 118 Ala. 484; Storey's Conflict of Law, sec. 539. Before a bill filed by a creditor constitutes an equitable levy it requires service of process upon the defendant, and a bill to establish a creditor's demand and for an accounting is in no sense an attachment of the property therein described.—*Miller v. Sherry*, 2 Wall. 249; *Galpin v. Paige*, 18 Wall. 351; *Tilford v. Burnham*, 7 Dana. 110. This is a suit in personam and not in rem, and jurisdiction cannot be obtained by constructive service.— *Ex parte Goldthwaite*, 120 Ala. 481. The Alabama statutes on this subject are in derogation of the common law, and must be strictly construed.—*Sayre v. Elyton L. Co.*, 73 Ala. 88; *Galpin v. Paige, supra;* 16 Cyc. 118. This case does not fall within any of the exceptions noted in subdivision 2, section 3054, Code 1907.—*Iron Age P. Co. v. W. U. T. Co.*, 83 Ala. 498; *Pearce v. Jennings*, 94 Ala. 524; *Rucker v. Morgan*, 122 Ala. 308. Counsel insist that the motion was tantamount to a plea to the jurisdiction, and that the decree thereon will support an appeal, but cite no authority in support thereof.

BROOKS & STOUTZ, for appellee. Counsel suggest that in the present state of the record, there is nothing to support an appeal, but ask that the court review the questions raised, just as if they had been properly raised, and were here properly presented. In support of the jurisdiction of the court to entertain the bill, and as to

service, they cite sections 3054, subds. 1 and 2; secs. 3914 and 3916, Code 1907; *Sayre v. Elyton L. Co.,* 73 Ala. 98; *Randle v. Wadsworth,* 130 Ala. 637; *Varner v. Bevell,* 17 Ala. 286. The courts of this state have jurisdiction to set aside the fraudulent conveyance of property in this state by a non-resident debtor upon service by publication.—*Mining Co. v. Allen,* 143 Ala. 547; *Penoyer v. Neff,* 95 U. S. 714; 20 Cyc. 709-10.

MAYFIELD, J.—A motion was made in the lower court to dismiss the bill for want of jurisdiction appearing on the face of the bill. The motion was overruled, and from that order this appeal is attempted.

It is insisted by appellant that this is a plea to the jurisdiction, and that the order overruling the motion is a decree on the sufficiency of the plea, and will therefore support an appeal. This cannot be. A plea must deny or confess and avoid. The motion does neither. It was not set down for hearing on its sufficiency, and could not have been so set down, because it averred no facts to avoid, and did not deny any part of the bill. It is not a motion to dismiss for want of equity. The equity of the bill is not denied. The motion only denies the jurisdiction of the parties. There is no decree on demurrers. The order overruling the motion will not support an appeal.

The question of a judgment or decree in the lower court which will support an appeal is jurisdictional in this court, and cannot be waived, though all parties consent to and insist upon consideration and review in this court. We see no merit in the motion, but we cannot, and do not, so decide.

Appeal is dismissed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.