# Bennett, *et al. v.* Hall.

*Bill to Subject Lands to Satisfaction of Judgment.*

(Decided April 15, 1914. Rehearing denied May 20, 1915.
69 South. 136.)

1. *Appeal and Error; Judgment to Sustain; Final or Interlocutory Decree.*—A decree sustaining a demurrer to a cross-bill and dismissing it, but not disposing of the original case, is not a final decree under Section 2837, Code 1907, or an interlocutory decree under Section 2838, Code 1907, and hence, not appealable.

2. *Same; Provisions Applicable.*—Acts 1915, p. 137, amending Section 2838, Code 1907, is not applicable to appeals submitted for decision prior to its enactment.

APPEAL from Madison Chancery Court.

Heard before HON. W. H. SIMPSON.

Bill by Mollie G. Hall against Cornelia Bennett and others, to subject lands to the satisfaction of a judgment. From a decree sustaining demurrer to a cross bill and dismissing it, respondents appeal. Appeal dismissed.

LAWRENCE COOPER, and DAVID A. GRAYSON, for appellant.

R. E. SMITH, and BETTS & BETTS, for appellee

GARDNER, J.—This appeal was taken from a decree of the chancellor sustaining demurrers to respondent's cross-bill and dismissing the same. No action has been taken upon the original cause, but the same appears to have remained undisposed of on the docket.

(1) We are of the opinion that, under our authorities, the appeal cannot be sustained, and must therefore be dismissed. As was said in *Aston v. Dodson,* 161

Ala. 518, 49 South. 856: "The decree in question is not such a one as will support an appeal under section 2838 of the Code of 1907. Nor is it such a final decree as to bring it within the influence of section 2837 of the Code."

The above-cited authority presents the indentical question involved in this appeal and is decisive and conclusive thereof. The decision followed the case of *Thorne-Franklin Co. v. Gunn*, 123 Ala. 640, 26 South. 198, wherein, speaking to this question, the opinion concludes as follows: "The statute not authorizing the appeal, this court has no jurisdiction of the subject-matter, and will therefore ex mero motu dismiss the appeal."

Other cases directly in point are *Parish v. Galloway*, 34 Ala. 163, reaffirmed in *Thornton v. Kyle*, 46 Ala. 379. Some of the reasons underlying this holding are found stated in the above-cited cases, as well as in *Barclay v. Spragins*, 80 Ala. 357. See, also, *Randle v. Boyd*, 73 Ala. 382, and *Davis v. McColloch*, 191 Ala. 520, 67 South. 701, bearing somewhat upon the question, though not directly in point. The question is a jurisdictional one and requires that this court dismiss the appeal. This we are constrained to do.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.

### ON REHEARING.

PER CURIAM.—(2) On rehearing our attention is directed to the Act of March 17, 1915, (Laws 1915, p. 137), amending section 2838 of the Code, so as to include appeals from decree on demurrers to a cross-bill. This appeal was taken May 20, 1914, and the

[O'Rear v. Sartain, et al.]

cause submitted in this court on February 3, 1915. It is thus seen, from the authorities above cited, that at the time the appeal was taken and when the cause was here submitted no statute authorized the appeal and the court was without jurisdiction. There is nothing in the above-mentioned act evincing any legislative purpose to render its provisions applicable to appeals already theretofore submitted for decision. What was said in *Dickens v. Dickens,* 174 Ala. 305, 310, 311, 56 South. 806, is applicable here, and the holding in that case is conclusive against the insistence of appellant upon this application.

Application overruled.