# Temple v. Dooley.

### Assumpsit.

(Decided April 20, 1916.   71 South. 683.)

1. **Appeal and Error; Judgment to Support; Dismissal.**—Where there is no valid judgment from which an appeal may be taken, the court will of its own motion dismiss the appeal.

2. **Same.**—Under § 2841, Code 1907, the giving of an affirmative charge as to a plea in abatement to a landlord's attachment, can be reviewed on appeal, provided the appeal be taken with the consent of the opposite party, such consent being a condition precedent, and jurisdictional.

3. **Same; Sufficiency of Judgment Below; Waiver.**—The question of the sufficiency of the judgment or decree of the lower court to support an appeal is jurisdictional, and cannot be waived.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Attachment by L. P. Dooley against T. T. Temple to enforce a landlord's lien for rent. The court directed a verdict for plain-

tiff on trial of defendant's plea in abatement, and defendant appeals. Appeal dismissed.

Transferred from Court of Appeals.

McCORD & ORR, for appellant. STREET & BRADFORD, for appellee.

THOMAS, J.—The questions presented in the assignment of errors arose in the trial of an attachment, sued out by a landlord against his tenant, to recover an amount due for rent and advances. The ground for the attachment was that the defendant-tenant had removed from the premises a part of the crop raised on the rented premises, without paying the rent and advances, or either, and without the consent of the landlord. Defendant interposed a plea in abatement, that the alleged ground for the attachment did not exist. At plaintiff's request, the court gave the affirmative charge on trial of defendant's said plea. There was verdict and judgment for the plaintiff on this issue, and from this finding the defendant appeals. There was no final judgment in the cause.

(1) There must be a valid judgment from which an appeal may be taken, to support the appeal. If there be none such, the court will of its own motion dismiss the appeal.—*Gunter v. Mason*, 125 Ala. 644, 27 South. 843.

(2) Certain interlocutory judgments, rendered before the final determination of the cause, will support an appeal to the Supreme Court if the record affirmatively shows that the appeal is within the terms of the statute (section 2841 of the Code of 1907). Interlocutory judgments overruling a motion to dismiss or quash an attachment, or sustaining a demurrer to a plea in abatement to an attachment or sustaining an attachment against matters set up in abatement of it either in the way of an agreed case or by plea or otherwise, may be reviewed on appeal, provided the appeal be taken with "the consent of the opposite party or his attorney." No such consent of the plaintiff or of his attorney is shown by the record. Such consent is a condition precedent, and is jurisdictional.—*Stanton v. Heard*, 100 Ala. 515, 14 South. 359; *Crumley Bros. v. Bryan & Co.*, 69 Ala. 91. Appeals are of statutory creation. Authority for the appeal in each case must be found in the statute.—*May v. Courtnay*, 47 Ala. 185; *Stoutz, Adm'r, v. Huger*, 107 Ala. 248, 18 South. 126.

(3) The question of the sufficiency of a judgment or decree in the lower court to support an appeal is jurisdictional and cannot be waived.—*Meyers, et al. v. Martinez, et al.*, 162 Ala. 562, 50 South. 351. The judgment from which this appeal is taken is not such as will support an appeal to the Supreme Court, without the consent of the plaintiff or his attorney. The record failing to show affirmatively such consent in this case, there is no statutory authority for the appeal, and this court is without jurisdiction.—*Bennett, et al. v. Hall*, 193 Ala. 273, 69 South. 136.

The appeal is dismissed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.