(87 South. 845)

**CROSS et al. v. BANK OF ENSLEY et al.**
**(6 Div. 182.)**

(Supreme Court of Alabama. Jan. 27, 1921.)

**1. Appeal and error ⬤➡70(2)—Order granting petition to proceed with foreclosure and overruling demurrers held not appealable.**

Order in mortgage foreclosure action after affirmance by Supreme Court of foreclosure decree granting petition to proceed with the foreclosure as to lands not involved in a separate suit instituted by mortgagee to annul the foreclosure decree, and overruling demurrers to such petition, *held* not appealable, since such an order is of an interlocutory nature, and is not an order overruling a demurrer to a bill in equity within Code 1907, § 2838, as amended by Acts 1915, p. 137.

**2. Appeal and error ⬤➡70(3)—Order, striking paper adopting bill filed in other action as cross-bill to petition, held not appealable.**

Where mortgagee, subsequent to affirmance of foreclosure decree, filed petition to proceed with foreclosure as to lands not involved in the separate suit by mortgagor to annul foreclosure decree, order, striking paper adopting petition in such separate action as a cross-bill to mortgagee's petition to proceed with foreclosure, *held* not appealable, not being an order sustaining demurrer to a bill under Code 1907, § 2838, as amended by Acts 1915, p. 137.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Petition by the Bank of Ensley and others for the sale of certain lands not involved in a pending suit, in aid of the execution of a former decree of the court ordering the land, together with other lands, to be sold. From a decree granting petition, the adverse parties appeal. Appeal dismissed.

See, also, ante, p. 274, 87 South. 843.

Pinkney Scott, of Bessemer, for appellants.

The demurrers to the petition should have been sustained. 204 Ala. 224, 85 South. 498; 21 Ala. 705, 56 Am. Dec. 283; 62 Ala. 404; 204 Ala. 218, 85 South. 444; 204 Ala. 197, 85 South. 474. On these same authorities, court erred in striking the cross-bill, and in granting the relief prayed.

Estes & Jones, of Bessemer, for appellees.

The court did not err in granting the petition. 71 Ala. 461; 16 Ala. 95; 22 Ala. 150. Judgments are not impeachable for fraud relating to matters between the parties. 114 Ala. 563, 22 South. 121, and cases there cited.

GARDNER, J. For the litigation out of which the present appeal arises, see Cross v. Bank of Ensley, 203 Ala. 561, 84 South. 267.

After the affirmance of the decree of the court below following a foreclosure of the mortgage executed by Z. Cross and wife, and R. C. Cross and wife, separately, the latter filed an original bill, setting up matters relating to the substance of this litigation, which was this day decided.

On account of this last bill by R. C. Cross, the cross-complainants in the former litigation filed a petition to the chancellor in that cause, seeking authority to proceed with the foreclosure of the mortgage against Z. Cross as to lands not involved in the other suit, and also to authorize the procurement of an abstract of title thereto. The cross-respondents in that suit filed demurrers to this petition, which were overruled, and the petition granted. The action of the court in this particular is here sought to be reviewed upon this appeal.

[1] This order was clearly of an interlocutory nature, and we find no statute authorizing an appeal from the ruling of the court on demurrer to such petition. Section 2838, as amended Acts 1915, p. 137. Such an order will therefore not support an appeal. Bennett v. Hall, 193 Ala. 273, 69 South. 136.

[2] The said Z. Cross and R. C. Cross filed a paper in that cause, which was headed "Adoption for the Cross-Bill or Petition," and in this paper, by reference to the original bill filed by R. C. Cross, without copying or setting the same out, sought to have the same adopted as a cross-bill to the petition above referred to. This paper filed in the cause was stricken on motion. The same could not be called a cross-bill, and, indeed, there was no occasion for such, and the ruling thereon could not be said to come within the act of 1915, supra, and was likewise such an order as would not support the appeal.

The appeal will be dismissed.

Appeal dismissed.

All the Justices concur.