(93 South. 427)

## LATHROP LUMBER CO. v. PiONEER LUMBER CO. (6 Div. 583.)

(Supreme Court of Alabama. May 18, 1922.)

1. **Appeal and error** ⊙⇒78(3)—**Where nonsuit not granted and case dismissed, no "final judgment" on which appeal could be based.**

Where an amendment to a petition was refused, and a motion granted to strike it from the files, and petitioner excepted, took a nonsuit, and appealed, there was no "final judgment," on which the appeal could be based, where the nonsuit was not granted and the case not dismissed.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. **Appeal and error** ⊙⇒22—**Final judgment necessary to give jurisdiction on appeal.**

In view of Code 1907, § 2837, a final judgment is necessary to give jurisdiction to the Supreme Court on appeal, and it cannot be waived by the parties.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Proceeding by the Lathrop Lumber Company against the Pioneer Lumber Company to condemn right of way. After adverse ruling on pleading, petitioner took a nonsuit and appeals. Appeal dismissed.

M. B. Curry, of Carrollton, for appellant.

Brief of counsel does not argue the point on which dismissal was had.

Patton & Patton, of Carrollton, for appellee.

Brief of counsel did not reach Reporter.

MILLER, J. This proceeding was commenced in the probate court, with the approval of the Alabama Public Service Commission, by petition of the Lathrop Lumber Company, a corporation, against the Pioneer Lumber Company, a corporation, for condemnation of a strip of land of the defendant for the use of petitioner for 10 years for a railroad right of way to haul timber or lumber. There was decree of condemnation and assessment of damages by the probate court, and from it the defendant appealed to the circuit court.

The petitioner on November 5, 1920, filed a motion in the circuit court to dismiss the appeal, because it was not taken within the time prescribed by the statute. This motion was on that date refused by the court, and an exception was duly reserved by the petitioner, and demurrers of defendant to the petition were sustained by the court at this term in November, 1920. The petitioner on May 11, 1921, made and filed a written application to amend the petition. The defendant objected to the allowance of the amendment and moved to strike it from the file, because it was an entire departure from the original cause, because the route for the right of way was new and entirely different from the one in the original petition, and for other reasons stated in the objections and motion. The court sustained the objection, refused to allow the amendment, and granted the motion to strike it from the file. The petitioner excepted to these rulings of the court, and took a nonsuit on account of them, and on May 30, 1921, appealed from this judgment of the circuit court to this court.

The minutes of the circuit court show the following entry made on May 11, 1921, by the court on the objection to the amendment, the motion to strike it, and the nonsuit:

"This cause coming on to be heard, the plaintiff filed an amendment to the complaint as herein stated, and the defendant thereupon filed objections to the allowance of said amendment, and also a motion to strike the same from said files on the grounds as set forth in said objections and motion; and, the same being understood by the court, it is the judgment of the court that said objections to said amendment and the motion to strike the same be and the same are hereby sustained, and the plaintiff then and there excepted to said ruling of the court, and on account of such adverse ruling of the court plaintiff took a nonsuit."

There are orders and judgments of the court on refusing to allow and striking the amendment, but no appeal from either of these judgments lies to this court. Neither is a final judgment in the case. State v. Kemp, 205 Ala. 201, 87 South. 836; Eslava v. Jones, 79 Ala. 287.

[1, 2] There was no order or final judgment of the court on the nonsuit. The nonsuit is not granted, the case dismissed, the cost taxed, and an execution to collect it permitted, by an order and judgment of the court. There should have been an order of the court granting the nonsuit, dismissing the case, taxing the costs, and directing execution to issue for it, if not paid, to make the judgment complete and final. There is no final judgment of the circuit court in this case, on which the appeal to this court can be based. A final judgment is necessary to give jurisdiction on appeal to this court of the case, it cannot be waived by the parties, and, for want of it, we cannot review the rulings of the trial court, and the appeal must be dismissed. State v. Kemp, 205 Ala. 201, 87 South. 836; Wise v. Spears, 200 Ala. 695, 76 South. 869; section 2837, Code 1907; Eslava v. Jones, 79 Ala. 287; Meyers v. Martinez, 162 Ala. 562, 50 South. 351; Edwards v. Davenport, 11 Ala. App. 423, 66 South. 878.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes