(94 South. 76)

## MARTIN v. ALABAMA POWER CO.
### (5 Div. 827.)

(Supreme Court of Alabama. June 22, 1922. Rehearing Denied Oct. 12, 1922.)

1. Appeal and error ⊙⟿78(3)—Judgment overruling demurrer to plea in abatement and taxing costs without granting nonsuit and dismissing cause held not "final judgment."

A judgment overruling demurrers to a plea in abatement, reciting that because of such ruling plaintiff took a nonsuit, and taxing him with the costs, *held* not a final judgment under Code 1907, § 2837, there being no order of the court granting the nonsuit and dismissing the cause.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. Appeal and error ⊙⟿792—Failure of judgment to grant nonsuit and dismiss cause is jurisdictional.

An appeal from a judgment overruling demurrers to a plea in abatement and taxing plaintiff with the costs, without granting a nonsuit taken by him and dismissing the cause, must be dismissed ex mero motu, as such omission is jurisdictional and cannot be waived.

Appeal from Circuit Court, Chilton County; B. K. McMorris, Judge.

Action by D. B. Martin against the Alabama Power Company, for damages caused by inundating lands. From a judgment overruling demurrers to a plea in abatement, plaintiff takes nonsuit and appeals. Appeal dismissed.

Reynolds & Reynolds, of Clanton, and Brown & Denson, of Birmingham, for appellant.

The case of Lathrop Lbr. Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 South. 427, is unsound, and is not supported by the authorities cited therein. A trial court has no power to compel a plaintiff to submit to a nonsuit against his consent. 16 Ala. 421; 7 Ala. 525; 21 Ala. 499; 139 U. S. 24, 11 Sup. Ct. 478, 35 L. Ed. 55; 22 Ala. 159. The court is without authority, discretion, or power to deny the plaintiff the right to take a nonsuit when he desires to review an adverse ruling; this right is given him by statute. Code 1907, § 3017; 15 Ala. 818; 22 Ala.

613; 21 Ala. 499; 22 Ala. 159; 30 Ala. 86. A nonsuit taken by the plaintiff is merely a withdrawal of his complaint, is purely voluntary, and it is only by virtue of the statute that he may review the ruling of the court that superinduces the voluntary nonsuit. 21 Ala. 499; 22 Ala. 159; 22 Ala. 613; (Ala.) 39 South. 172; 180 Ala. 620, 61 South. 905; 47 Ala. 270; 197 Ala. 262, 72 South. 525; 5 Mich. Ala. Dig. 138. It follows that when plaintiff takes a nonsuit—the court being without power to enter it without plaintiff's consent or to deny it—there is nothing for the court to adjudicate. The sole function of the court is to enter the fact of nonsuit on the record, and this puts an end to the case in the trial court, and will support an appeal under section 3017 of the Code. 56 Ala. 283; 30 Ala. 86; 15 Ala. 818; 180 Ala. 620, 61 South. 905; 128 Ala. 145, 30 South. 663; 30 Ala. 471.

Percy, Benners & Burr, Wm. Logan Martin, and L. E. Brown, all of Birmingham, for appellee.

A judgment, to support an appeal, must be final. Code 1907, § 2837. The question of the sufficiency of the judgment is jurisdictional, and cannot be waived. 196 Ala. 360, 71 South. 683; 78 South. 860; 162 Ala. 562, 50 South. 351; 202 Ala. 309, 80 South. 391; 15 Ala. App. 358, 73 South. 229.

MILLER, J. D. B. Martin brings this action against the Alabama Power Company to recover $100,000 damages, occasioned by an overflow of his lands by waters from the Alabama and Coosa rivers, alleged to have been caused by the defendant, destroying growing and gathered crops and livestock of plaintiff on the land.

There are two counts in the complaint. The defendant filed a plea in abatement to each count. Demurrers of plaintiff were overruled by the court to the plea. The plaintiff took a nonsuit, and appealed from the judgment of the court. The judgment rendered by the court is as follows:

"This day came the parties in this cause by their attorneys, and the plaintiff filed his demurrers to the defendant's plea in abatement in this cause. After hearing and understanding said demurrers it is considered by, and it is the judgment of, the court that said demurrers be and they are overruled. On account of the ruling of the court on said demurrers the plaintiff takes a nonsuit in this cause. It is therefore considered by, and it is the judgment of, the court that the defendant have and recover of the plaintiff the cost in this behalf expended, for which let execution issue."

[1] The appeal of plaintiff is based on that judgment. It is not final under section 2837, Code 1907. It is not sufficient to rest an appeal. The nonsuit is not granted by an order of the court. It should be. Lathrop Lumber

---

⊙⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Co. v. Pioneer Lumber Co. (Ala. Sup.) 93 South. 427.[1] The complaint or cause is not dismissed by an order of the court. It should be when a nonsuit is requested. Wright v. Kemp, 205 Ala. 201, 87 South. 836; Lathrop Lumber Co. v. Pioneer Lumber Co., supra. A judgment of the court overruling demurrers and taxing plaintiff with the court cost has been held not to be such a final judgment as will support an appeal. Eslava v. Jones, 79 Ala. 287. These are the only judgments of the court in this case. Wise v. Spears, 200 Ala. 695, 76 South. 869. There should be an order of the court overruling the demurrers, granting the nonsuit, dismissing the case, and taxing the cost, permitting execution therefor to issue if not paid. Lathrop Lumber Co. v. Pioneer Lumber Co., supra. There is no judgment of the court granting the nonsuit and dismissing the case. This was necessary to make this judgment final. Lathrop Lumber Co. v. Pioneer Lumber Co., supra; Wright v. Kemp, 205 Ala. 201, 87 South. 836; Wise v. Spears, 200 Ala. 695, 76 South. 869; Eslava v. Jones, 79 Ala. 287.

[2] The matter is jurisdictional. It cannot be waived. The judgment will not support an appeal. We must dismiss the appeal ex mero motu; and it is so ordered by the court. Wise v. Spears, 200 Ala. 695, 76 South. 869; Lathrop Lumber Co. v. Pioneer Lumber Co., supra; Meyers v. Martinez, 162 Ala. 562, 50 South. 351.

Appeal dismissed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

On Rehearing.

MILLER, J. Wood v. Coman, 56 Ala. 283, cited by appellant on application for rehearing, is clearly in point; but it also clearly sustains the opinion of this court. This question is not raised in the other cases cited. Justice Stone, in the case of Wood v. Coman, said:

"We think the judgment in this cause must be regarded as final. It was a final disposition of the cause under section 2759 of the Revised Code."

The judgment of nonsuit in that case, after plaintiff took the nonsuit, stated:

"It is therefore considered by the court that the defendants go hence and recover of the plaintiff their costs in this behalf expended," etc.

This order put the case out of court. It directed "the defendants to go hence," and taxed the plaintiff with the cost. This was a final judgment.

In the present case there was no order of the court that the defendant go hence. The court disposed of, by its order, the demurrers to the plea in abatement; it disposed of the

court cost by proper order; but this case was not disposed of by an order of the court. This was necessary to make the judgment final on which an appeal to this court could rest. Ex parte Martin, 180 Ala. 623, 61 South. 905, cited by appellant, sustains and refers to Wood v. Coman, 56 Ala. 283 (see Berlin Mach. Wks. v. Ewart Lumber Co., 184 Ala. 272, 63 South. 567, and the judgment of the court copied in the opinion on page 280). See, also, Nat. Fert. Co. v. Holland, 107 Ala. 412, 18 South. 170, 54 Am. St. Rep. 101, and the form of the judgment of the court on the nonsuit on page 416; Plunkett v. Dendy, 197 Ala. 262, 72 South. 525; Bell v. Otts, 101 Ala. 186, 13 South. 43, 46 Am. St. Rep. 117.

Application for rehearing is overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.