141 So. 658

# ALSTON v. MARENGO COUNTY BOARD OF EDUCATION et al.

## 2 Div. 1.

Supreme Court of Alabama.

April 14, 1932.

Rehearing Denied May 26, 1932.

George Pegram, of Linden, and Pettus, Fuller & Lapsley, of Selma, for appellant.

McKinley & McDaniel, of Demopolis, for appellees.

KNIGHT, J.

Appellant filed his suit in the Marengo county circuit court to recover of the Marengo county board of education, and others, moneys alleged to be due him for merchandise, goods, and chattels sold by the appellant to appellee, and other named defendants, covering a period extending through the years from 1923 to 1927. In stating his cause of action, the plaintiff employed the common counts.

 On account of the adverse ruling of the court "on the admissibility of evidence" the plaintiff undertook to take a nonsuit. The judgment entry of the court, with reference to this action of the plaintiff and of the court thereon, is as follows: "This day came the parties with their attorneys, and the trial being entered upon, owing to the adverse rulings of the court on the admissibility of evidence the plaintiff enters into a non-suit with a bill of exceptions."

The plaintiff bases his appeal on the foregoing judgment. It requires no argument to show that the above is in no sense a judgment of the court on plaintiff's motion for nonsuit; nor is it a final judgment under section 6078 of the Code. What purports to be the judgment of the court in this case will not support an appeal. Lathrop Lumber Co. v. Pioneer Lumber. Co., 207 Ala. 522, 93 So. 427; Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Wise v. Spears, 200 Ala. 695, 76 So. 869; Eslava v. Jones, 79 Ala. 287.

The case of Wood v. Coman, 56 Ala. 283, which is a leading case on the subject now under consideration, is not opposed to the conclusion reached in the present case. In that case the judgment. after reciting the ruling of the court, continued: "It is therefore considered by the court, that the defendants go hence, and recover of the plaintiff their costs in this behalf expended, unless the Supreme Court shall reverse the ruling of this court, and set aside said nonsuit." Of course the words, "unless the Supreme Court shall reverse the ruling of this court, and set aside said nonsuit," added no force to the judgment, and they might well have been omitted.

While not committing this court at this time to all that is said in the case of Martin v. Alabama Power Co., supra, yet what purports to be the judgment in the instant case is so clearly not appealable that we do not feel called upon to further consider the conclusion reached in Martin's Case, supra.

Inasmuch as what is relied upon as the judgment of the circuit court will not support an appeal. we must dismiss it ex mero motu. There being no final judgment, this court is without jurisdiction, and, so finding itself, the only proper order is one of dismissal. It will be so ordered. Authorities supra.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

PER CURIAM.

The appellant has filed in this cause, along with his application for rehearing, a motion to set aside the judgment of dismissal, and the submission of the cause, and for other relief. The motion has been fully considered by the court sitting en banc, and we are of the opinion that the motion is not well taken, and should be, and is, overruled, and the application for rehearing denied. This ruling is in line with our ruling in a similar case

recently coming before this court. Missouri State Life Ins. Co. v. Stuckey, ante, p. 590, 141 So. 246.

Motion overruled, and rehearing denied.

ANDERSON, C. J., and THOMAS, BROWN, and KNIGHT, JJ., concur.