147 So. 143

**DRENNEN MOTOR CAR CO. et al. v. WEBB.**

**2 Div. 23.**

Supreme Court of Alabama.

March 23, 1933.

London, Yancey & Brower and Al. G. Rives, all of Birmingham, for appellant' Drennen Motor·Car Co.

George Pegram, of Linden, for appellant Kimbrough.

GARDNER, Justice.

The affirmative charge was given for plaintiff expressly on count 2 of the complaint, upon which the verdict was rendered pursuant to the court's instruction, and all other counts were eliminated. This count was subject to the demurrer interposed thereto upon several grounds assigned in the original and amended demurrer. It is essential that the complaint disclose the existence of a relation between the parties, out of which arises a duty owing from the defendants to the plaintiff. Tennessee Coal & Iron Co. v. Smith, 171 Ala. 251, 55 So. 170; Higdon v. Fields, 3 Ala. App. 322, 57 So. 58.

Whether defendant Kimbrough was the agent or servant of defendant·Drennen Motor Car Company, or a mere bailee, is not made to appear. If the former, there is no averment that he was acting within the line and scope of his employment. Addington v. American C. Co., 186 Ala. 92, 64 So. 614; McCormack Bros. Motor Co. v. Holland, 218 Ala. 200, 118 So. 387; Toranto v. Hattaway, 219 Ala. 520, 122 So. 816; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Alabama G. S. R. R. Co. v. Pouncey, 7 Ala. App. 548, 61 So. 601. If the latter, there is nothing to indicate incompetency on the part of the bailee. Rush v. McDonnell, 214 Ala. 47, 106 So. 175; Parker v. Wilson, 179 Ala. 361, 60 So. 150, 43 L. R. A. (N. S.) 87; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380.

The complaint was insufficient, and the demurrer should have been sustained.

Upon the question of the affirmative charge, appellee insists that Kimbrough was the agent and alter ego of the Drennen Motor Car Company (citing Eureka Co. v. Bass, 81 Ala. 200, 8 So. 216, 60 Am. Rep. 152, and Emison v. Wylam Ice Cream Co., 215 Ala. 504, 111 So. 216, noted with comments in First Nat. Bank v. Sanders, 225 Ala. 417, 143 So. 578), and placed the car in control of Ray, who was incompetent, because of his intoxicated condition. There is no opposing argument as to this specific insistence, and we

McKinley & McDaniel, of Demopolis, for appellee.

enter into no discussion or determination thereof.

■ We may add, however, that even should this theory be accepted, yet a jury question would be presented under the proof; Kimbrough testifying that Ray at the time of the accident had the car without his knowledge or permission, and in direct contradiction of the averments of count 2 in this regard. This count is indefinite and uncertain as to the theory of liability, and renders also uncertain the theory upon which the trial court acted in giving the affirmative charge. However that may be, in any event, said charge was erroneously given.

Both the Drennen Motor Car Company and Kimbrough have appealed, assigned errors, and argued the assignments here considered. Defendant Ray prosecutes no appeal. Tullis v. Blue, 216 Ala. 577, 114 So. 185.

For the errors indicated, let the judgment as to these appellants be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.