180 So. 133

## HICKS v. PETERSON.

### 5 Div. 44.

Court of Appeals of Alabama.
March 29, 1938.

A. B. Foshee, of Clanton, for appellant.

J. B. Atkinson, of Clanton, for appellee.

SAMFORD, Judge.

This suit was brought by attachment levied upon a truck seeking to enforce a landlord's lien for rent of certain premises in the town of Thorsby.

On the trial the defendant, by leave of the court, first obtained, withdrew all of the pleas in bar theretofore filed in this cause, and filed in lieu thereof a plea in abatement. Issue being joined on this plea, the issue in the main case was continued and the cause proceeded to judgment on the plea in abatement. The issue on this plea having been adjudicated against the defendant, appeal is taken from that judgment.

This is not a final judgment in the case, and an appeal from such judgment is not authorized by statute unless it conforms to section 6083 of the Code of 1923, which provides: An appeal may be taken, before the final judgment of the cause, from any judgment overruling a motion to dismiss or quash an attachment, or sustaining a demurrer to a plea in abatement to an attachment, or sustaining an attachment against matters set up in abatement of it, either in the way of an agreed

case, or by plea, or otherwise. It is, however, in such case made a condition precedent that the appeal shall only be taken after the consent of the opposite party, or his attorney, is obtained to its being taken. Even in a case where the consent of the opposite party is made to appear by the bill of exceptions, or otherwise, in the record, there shall not be a reversal of the case if the appellate court discovers that the defect or error alleged or insisted upon can be removed or remedied by amendment.

There nowhere appears in this record the consent of the appellee that an appeal might be taken from the interlocutory judgment on the plea in abatement. This being a jurisdictional fact, the appeal must be dismissed. Temple v. Dooley, 196 Ala. 360, 71 So. 683.

While the foregoing disposes of the appeal in this case, we might add that the defect complained of in the affidavit is amendable. That being the case the judgment of the circuit court would be affirmed. Code of 1923, § 6083; Temple v. Dooley, supra.

The appeal is dismissed.

Dismissed.