194 So. 419
**MOBILE CIGAR & TOBACCO CO. v. DEES.**

**I Div. 353.**

Court of Appeals of Alabama.

Feb. 27, 1940.

D. R. Coley, Jr., of Mobile, for appellant.

Hybart & Chason, of Bay Minette, for appellee.

PER CURIAM.

The suit was brought by summons and complaint against the defendant, and the common count claimed an amount due on open account and on account stated.

On the same day and in aid of said suit, the plaintiff, acting under authority of Section 8051 et seq., of the Code of 1923, procured the issuance of a writ of garnishment directed to the Hartford Fire Insurance Company and the Baldwin County Building & Loan Association, commanding them to answer as to whether they, or either of them, were indebted to the defendant either at the time of service or at the time of the trial.

The garnishee, The Hartford Fire Ins. Co., acting through its agent, filed answer admitting an indebtedness of $1,630.60.

On the trial the defendant filed a plea in abatement as follows: "That he is a resident citizen of Conecuh County, Alabama, and was such at the time this cause of action was filed, and that said suit should have been filed in Conecuh County, and not in Baldwin County, Alabama." This plea was properly sworn to.

To this plea the plaintiff interposed demurrer. The demurrer was overruled.

Whereupon, plaintiff filed replication setting up that the suit was initiated by attachment or garnishment issued out of the Circuit Court of Baldwin County, Alabama, against funds of the defendant in the hands of the Hartford Fire Insurance Company, a corporation, authorized to do business in the State of Alabama, and doing business in Baldwin County, Alabama, and the Baldwin County Building & Loan Association, a corporation, doing business in Baldwin County, Alabama. To this replication demurrer was filed.

There appears to be a minute entry as follows:

"Minute Entry.

"3/2/39: Demurrer to Plea in Abatement overruled. Plaintiff files replication to plea in abatement. Demurrers to replications 1 & 2 sustained."

Further on in the transcript there appears the following:

"Minute Entry.

"4/13/39: Comes the Plaintiff, by his attorney, and by leave of the Court, enters a non-suit because of adverse ruling of the Court on pleadings."

The record discloses a suit begun by summons and complaint and issuance of a writ of garnishment in aid of a pending suit as is provided by Section 8051 of the Code of 1923. That being the case, it would appear that Section 10467 of the Code of 1923 is applicable to this case, and that the plea in abatement was well taken.

We find, however, no judgment of the Court in the record justifying an appeal under Section 6078 of the Code of 1923, and without a final judgment or a special appeal from certain interlocutory orders, provided for by Section 6079 of the Code of 1923, this Court is without jurisdiction to entertain an appeal. And it is not a matter which can be waived by the parties. Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427.

The Section of the Code, just about cited, (Section 6078) contemplates a formal entry of the judgment appealed from; and, until so entered, there is no "final judgment" which will sustain an appeal. Edwards v. Davenport, 11 Ala.App. 423, 66 So. 878. The mere announcement of an opinion by the court, or even the entry by the circuit court or city court on the trial or motion docket of its rulings on demurrers or motions, is not a judgment, but merely a direction of the presiding judge to the clerk. Gore v. State, 58 Ala. 391.

A case directly in point is that of Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76, where it is held that a judgment overruling demurrers to a plea in abatement, reciting that because of such ruling plaintiff took a nonsuit, and taxing him with the costs, held not a final judgment under this Section, (Section 6078), since the nonsuit is not granted by the order of the court, and there being no order dismissing the cause, appeal will not lie.

It follows, therefore, that the appeal in this case must be dismissed.

Appeal dismissed.

Note.—The foregoing opinion was prepared by the late Judge SAMFORD. Since his untimely death, this court has considered this case en banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.