194 So. 504

### HEFFELFINGER v. LANE.
### 7 Div. 610.

Supreme Court of Alabama.

. March 7, 1940.

Beddow, Ray & Jones, of Birmingham, for appellant.

Knox, Dixon & Dixon, of Talladega, for appellee.

GARDNER, Justice.

Action under our homicide statute (Section 5696, Code of 1923).

To the count for simple negligence (count 1) defendant interposed pleas 7, 8 and 10 of contributory negligence, and plaintiff's demurrers addressed thereto were overruled.

The record discloses the following: "On this the 13th day of November, 1939, came the parties by their attorneys and on account of the adverse ruling of the court upon the demurrers of the plaintiff, the pleas 7, 8 and 10 of the defendant, the plaintiff takes a non-suit with bill of exceptions."

The appeal is on the record with no bill of exceptions and the foregoing is all that is shown as to said non-suit. Appellee makes the point there is no final judgment which will support an appeal. Under the uniform decisions of this Court we must hold the point is well taken.

Under section 6431, Code of 1923, an appeal from a judgment of non-suit is authorized when necessitated by adverse rulings of the court. But there must be a final judgment disposing of the cause, "putting the case out of court," as expressed in Davison v. Stutts, 233 Ala. 491, 172 So. 600, a case here much in point. A number of authorities are to like effect.

The question is a jurisdictional one, and the court must dismiss the appeal ex mero motu. Davison v. Stutts, supra; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Alston v. Marengo County Board, 224 Ala. 676, 141 So. 658; Temple v. Dooley, 196 Ala. 360, 71 So. 683; Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427. It is so ordered.

Appeal dismissed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.