5 So.2d 115

## MITCHELL v. NATIONAL LIFE & ACCIDENT INS. CO.

### 7 Div. 636.

Court of Appeals of Alabama.

Oct. 7, 1941.

Rehearing Denied Nov. 4, 1941.

Chas. F. Douglass, of Anniston, for appellant.

Merrill & Merrill, of Anniston, for appellee.

SIMPSON, Judge.

This appeal proceeded from an involuntary nonsuit in the Circuit Court on account of rulings adverse to the plaintiff. After a careful study of the question, we are at the conclusion that the judgment of nonsuit is insufficient to support the appeal, the result being that the interesting questions of law dealt with in the brief and argument of able counsel for appellant cannot be considered by this court.

As recited by Mr. Justice Brown of our Supreme Court in Wallace v. Screws et al., 225 Ala. 187, 142 So. 572:

"A final judgment disposing of the case and allowing the defendant 'to go hence' is essential to confer jurisdiction on this court to review the rulings of the circuit court, under section 6431 of the Code (1923) [Code 1940, Tit. 7, § 819]. Wood, use, etc., v. Coman et al., 56 Ala. 283; Eslava v. Jones, 79 Ala. 287; Martin v. Alabama Power Co., 208 Ala. 212, 94 So. 76; State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Wise et al. v. Spears et al., 200 Ala. 695, 76 So. 869; Alston v. Marengo County Board of Education [224 Ala. 676], 141 So. 658.

"Under the rulings in the cases cited, the judgment in the instant case will not

support an appeal, and the appeal must, therefore, be dismissed."

 The same fatal deficiency in the purported judgment dealt with in the above case is instant in the case at bar, there being no "final judgment disposing of the case and allowing the defendant 'to go hence.'" In fact, the judgment entries are substantially the same.

And in another case it was declared by our Supreme Court: "There should have been an order of the court granting the nonsuit, dismissing the case, taxing the costs, and directing execution to issue for it, if not paid, to make the judgment complete and final. * * * A final judgment is necessary to give jurisdiction on appeal to this court of the case, it cannot be waived by the parties, and, for want of it, we cannot review the rulings of the trial court, and the appeal must be dismissed. State v. Kemp, 205 Ala. 201, 87 So. 836; Wise v. Spears, 200 Ala. 695, 76 So. 869; section 2837, Code 1907; Eslava v. Jones, 79 Ala. 287; Meyers v. Martinez, 162 Ala. 562, 50 So. 351; Edwards v. Davenport, 11 Ala.App. 423, 66 So. 878." Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427.

In view of this uniform holding by our Supreme Court, this court is without jurisdiction or authority, Code 1923, Section 7318, Code 1940, Title 13, Section 95, to review this cause and the appeal is due to and must be dismissed. So ordered.

Appeal dismissed.

### On Rehearing.

SIMPSON, Judge.

Learned counsel for appellant earnestly argues that the judgment is sufficient to give this court jurisdiction under the ruling in Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530, but we do not think so. This authority supports our original conclusion that no sufficient judgment appears "putting the case out of court" (Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504), taxing the costs, or discharging the defendant. As observed, the present order of non-suit is not substantially different from that denounced in Wallace v. Screws, 225 Ala. 187, 142 So. 572.

It is further noted that in Gentry v. Swann Chemical Co., supra [234 Ala. 313, 174 So. 531], the costs of court were taxed, a requisite here absent. Pertinent from the Gentry case is the observation with respect to Wallace v. Screws, supra: "The judgment did not tax the costs, and this, for the purpose of an appeal, was essential to the finality of the judgment."

We are constrained to hold to our original view, that there is no sufficient judgment disposing of the case as required by the holdings of our Supreme Court, so the application for rehearing is overruled.

Rehearing denied.