12 So.2d 570

### GRIGSBY v. WHITE et al.

8 Div. 326.

Court of Appeals of Alabama.

March 16, 1943.

W. A. Barnett and O. B. Hill, both of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellees.

BRICKEN, Presiding Judge.

This appeal seeks to review the action of the lower court in sustaining defendant's demurrers to the complaint.

The purported judgment appearing of record is:

"Comes the plaintiff by attorney and comes also the defendant by attorney and the plaintiff files complaint and the defendants file demurrer thereto. It is therefore considered and adjudged by the court that the demurrer is well taken and same are hereby sustained.

"It is therefore considered and adjudged by the court that the defendants are hereby entitled to go hence and have and recover of the plaintiff all costs incurred in this prosecution, for which execution may issue."

This entry is fatally lacking in the requisites of a sufficient judgment to support an appeal. Mitchell v. Nat. Life & Accident Ins. Co., 30 Ala.App. 301, 5 So.2d 115, certiorari denied, Id., 242 Ala. 135, 5 So.2d 116.

The first headnote in the Mitchell case, supra, correctly epitomizes the rule, towit: "A final judgment disposing of case and allowing defendant 'to go hence' is essential to confer jurisdiction on Supreme Court to review trial court's rulings resulting in involuntary nonsuit. Code 1940, Tit. 7, § 819."

See also Fannie McPeters et al. v. White, et al., Ala.App., 12 So.2d 568,[1] and Marvin Thomas v. J. R. White et al., 244 Ala. 128, 12 So.2d 567, for further discussion of the principle.

On authority of the foregoing cases and others of like import not necessary to cite, therefore, the instant appeal must be dismissed.

Appeal dismissed.

