276

58 So.2d 596

**BIDDLE v. EMPLOYERS INS. CO. OF
ALABAMA, Inc.**

**8 Div. 622.**

Supreme Court of Alabama.

April 3, 1952.

Rehearing Denied May 15, 1952.

Clark E. Johnson, Jr., Albertville, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

FOSTER, Justice.

Appellant seeks to review a judgment of the circuit court, at law, sustaining a demurrer to a petition seeking to obtain a declaratory judgment as to the liability of appellee by virtue of an insurance policy protecting the partnership, of which he is a member, from liability on account of the operation of a certain truck. There are many defects suggested by the demurrer. The petition contains inconsistent allegations as to dates.

The suit is by one partner on a partnership insurance contract. Hood v. Martin, 205 Ala. 332, 87 So. 529; Fred Gray Cotton & Gin Co. v. Smith, 214 Ala. 606, 108 So. 532. The substance of the claim is that the insurer acted in bad faith in refusing to join appellant in the settlement of two suits against him for an amount much less than the judgments which were later rendered against him, exceeding the limit of liability provided for in the policy. Plaintiff is alleged to have paid the amount of such excess. There is some foundation for such a claim when properly presented. 45 C.J.S. Insurance, § 936, page 1069.

We need not consider whether the Act of October 9, 1947, General Acts 1947, page 444, section 167, Title 7, Code, justifies such a suit, in view of other remedies, since we cannot entertain the appeal because there was no final judgment from which the appeal was taken. The judgment recites that plaintiff elected to take a nonsuit because of the adverse rulings of the court, and it proceeds: "the same being considered by the court, it is therefore ordered and adjudged by the court that nonsuit be and the same is hereby granted." Such an entry does not contain the essentials of a final judgment necessary to support an appeal to obtain the review authorized by section 819, Title 7, Code. Wallace v. Screws, 225 Ala. 187, 142 So. 572; Davison v. Stutts, 233 Ala. 491, 172 So. 600; Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504; Mitchell v. National Life & Accident Ins. Co., 30 Ala.App. 301, 5 So. 2d 115; Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530.

It is therefore necessary to dismiss the appeal, leaving the proceeding *in fieri* in the circuit court.

Appeal dismissed.

LAWSON, SIMPSON and STAKELY, JJ., concur.