59 So.2d 809

## COUCH v. RODGERS et al.

### 6 Div. 215.

Supreme Court of Alabama.

June 30, 1952.

Marvin Scott, Cullman, for appellant.

Julian Bland and Finis E. St. John, Cullman, for appellee.

LIVINGSTON, Chief Justice.

Appellant filed this suit in the Circuit Court of Cullman County, Alabama, for damages for appellees' refusal to issue him a license to engage in trade of barbering in said county. Appellees' joint demurrer was sustained by the court below, whereupon the following judgment was entered:

"1951, January 29, Comes the parties by their Attorneys and the Defendant files demurrers to the complaint, and the same having been heard and considered by the Court; it is therefore ordered, adjudged and decreed By the Court that the demurrers to the Com-

plaint be and the same are hereby sustained. Comes the Plaintiff by his Attorneys and by leave of the Court enters a non-suit in this cause with bill of exceptions; and the same having been considered by the Court, it is granted."

The appeal is on the record with no bill of exceptions and the foregoing is all that appears in the record as to said nonsuit. Under Title 7, Section 819, Code 1940, an appeal from a judgment of nonsuit is authorized when necessitated by adverse rulings of the court. However, as is the case in appeals from final judgments generally, there must be a final judgment disposing of the cause, "putting the case out of court." Davison v. Stutts, 233 Ala. 491, 172 So. 600; Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504. The foregoing judgment entry is not sufficient to support the instant appeal. Lathrop Lumber Co. v. Pioneer Lumber Co., 207 Ala. 522, 93 So. 427; Wallace v. Screws, 225 Ala. 187, 142 So. 572; Gladden v. Columbiana Sav. Bank, 235 Ala. 541, 180 So. 548; Biddle v. Employers Insurance Co. of Alabama, Inc., ante, p. 276, 58 So.2d 596.

Since the question is one of jurisdiction of this court, we must dismiss the appeal *ex mero motu*. It is so ordered.

Appeal dismissed.

BROWN, LAWSON and STAKELY, JJ., concur.