98 So.2d 52

Bill LEWIS

v.

D. Frank HAYNES.

7 Div. 361.

Supreme Court of Alabama.

Nov. 7, 1957.

Chas. Thomason, Anniston, for appellant.

Knox, Jones, Woolf & Merrill, Anniston, for appellee.

**LAWSON, Justice.**

From the complaint in this cause it appears that on or about January 15, 1956, Bill Lewis suffered injuries to his person as a result of a fall which occurred while he was engaged in painting the interior of a store building wherein D. Frank Haynes operated a refrigeration service store.

Lewis filed suit against Haynes, claiming $25,000 damages for the injuries which he alleged he sustained as a result of the fall. The complaint as originally filed consisted of only one count. Haynes filed a demurrer but before any action was taken thereon Lewis amended his complaint by adding Count Two. Haynes reassigned the original demurrer, which contained nine grounds, and added grounds ten through eighteen. The demurrer was sustained. Lewis then amended his complaint by adding Counts Three and Four. Thereupon the trial court rendered another decree sustaining "the defendant's demurrers to the Complaint as last amended." We find in the record no demurrer assigned or reassigned to the complaint as thus amended. Lewis again amended his complaint. He added Counts Five and Six. Haynes reassigned "his demurrers as previously filed in this case to the complaint of the plaintiff, as last amended, and to counts one through six thereof, separately and severally." Thereafter the trial court rendered

a decree sustaining "defendant's demurrers to Counts 5 and 6 of the complaint."

Lewis, the plaintiff, then suffered a nonsuit and has appealed as authorized by the statute. § 819, Title 7, Code 1940. The judgment of nonsuit is in form a final judgment which will support an appeal. Cooper v. City of Fairhope, 263 Ala. 619, 83 So.2d 321; Gladden v. Columbiana Sav. Bank, 235 Ala. 541, 180 So. 548; Thomas v. White, 244 Ala. 128, 12 So.2d 567. Cf. Couch v. Rodgers, 257 Ala. 560, 59 So.2d 809; Biddle v. Employers Ins. Co. of Alabama, 257 Ala. 276, 58 So.2d 596; Heffelfinger v. Lane, 239 Ala. 151, 194 So. 504.

It appears from the motion of plaintiff for the nonsuit and the judgment thereon that the nonsuit was superinduced by the cumulative rulings of the court on the demurrer of the defendant, hence each of the decrees may be assigned as error. City of Mobile v. Board of Revenue and Road Com'rs of Mobile County, 219 Ala. 60, 121 So. 49; Mixon v. Trawick, 264 Ala. 82, 84 So.2d 760; Russell v. Garrett, 208 Ala. 92, 93 So. 711; Garner v. Baker, 214 Ala. 385, 108 So. 38; MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570.

Appellant has made no assignment of error challenging the court's action in sustaining the demurrer to Count One, so such action will not be passed on by this court. Calvert v. J. M. Steverson & Sons Lumber Co., 244 Ala. 206, 12 So.2d 365; Allen v. Birmingham Southern R. Co., 210 Ala. 41, 97 So. 93.

The first assignment of error attacks the decree sustaining the demurrer to Count Two. It is not argued in brief and will not be considered. Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So. 2d 111.

The remaining assignments of error are argued in bulk in brief filed here on behalf of appellant. They are to the effect that the court erred in sustaining the defendant's demurrer to Counts Three, Four, Five and Six of the complaint.

■ We have not been favored in brief filed here on behalf of the appellant, the plaintiff below, with a discussion of the averments of any of the counts of the complaint or with a statement of the theory or theories upon which the plaintiff relies in his effort to fasten liability upon the appellee, the defendant below. We are not going to attempt to make any detailed analysis of any of the counts.

All of the counts contain the inconsistent averments to the effect that the plaintiff at the time of his injury was both a casual employee and an independent contractor. But the theory of liability is not the same in all of the counts, if we have construed them correctly. For instance, Count Three seems to declare solely upon a breach of an alleged duty on the part of Haynes to provide plaintiff with a reasonably safe place to work. Apparently the plaintiff here relies upon a claimed common law duty. Count Four, on the other hand, as we have indicated, charged the defendant with willful or wanton negligence in supplying the plaintiff with a defective scaffold and also declares on the alleged willful or wanton negligence of the defendant in failing to provide plaintiff with a reasonably safe place within which to do his work. Counts Five and Six are also unlike Count Three and for that matter, we do not understand that any of the four counts here under consideration are sufficiently similar as to justify the assignments of error based upon the several rulings of the court sustaining the demurrer to be argued in bulk. Moseley v. Alabama Power Co., 246 Ala. 416, 21 So.2d 305.

■■ The count of the complaint should be framed upon a definite theory so as to inform the defendant of the issue he is called upon to meet and to furnish the court with a means of determining the relevancy of the evidence. A count cannot be made elastic so as to take form with the varying views of counsel or the developments of the evidence. It should be framed so as to show the breach of some particular duty, or the violation of some specific right, and on that theory must succeed or fall. McGhee v. Reynolds, 129 Ala. 540, 29 So. 961; J. T. Camp Transfer Co. v. Davenport, 15 Ala. App. 507, 74 So. 156, certiorari denied Ex parte Davenport, 199 Ala. 698, 74 So. 1005.

In Count Four the plaintiff says he was a casual employee of the defendant at the time of the injury and in the very next breath says that he was an independent contractor. But those inconsistent averments do not stand alone, as we have heretofore shown. If we understand that count correctly, it is subject to the construction that the plaintiff says that while he was a casual employee of the defendant he was injured as a result of the willful and wanton negligence of the defendant in supplying him with a defective scaffold; that while he was a casual employee of defendant he was injured as a result of the willful or wanton negligence of the defendant in failing to furnish him a reasonably safe place in which to do his work; that while he was an independent contractor doing work for the defendant he was injured as a result of the willful or wanton negligence of the defendant in furnishing him a defective scaffold; and that while he was an independent contractor doing work for the defendant he was injured as the result of the willful or wanton negligence of the defendant in failing to furnish him a reasonably safe place in which to do his work.

We observe at this point that this count perhaps only charges simple negligence. See Louisville & N. R. Co. v. Orr, 121 Ala. 489, 26 So. 35.

■ Count Four not only fails to disclose with certainty the relationship of the parties out of which plaintiff claims a duty arose from the defendant to the plaintiff (Drennen Motor Car Co. v. Webb, 226 Ala. 353, 147 So. 143; Levans v. Louisville & N. R. Co., 228 Ala. 643, 154 So. 784), but it does not in our opinion inform the defendant with reasonable certainty as to the particular liability sought to be enforced. The defendant, of course, has no right to dictate to the plaintiff under which subdivision of

the employer's act he seeks to recover, or whether he seeks to recover under one or more duties imposed upon the defendant at common law, but the plaintiff should in his complaint state a good cause of action in each count, and should state clearly and with certainty as to the particular case which the defendant is called upon to defend. The averments of the count should not be so indefinite or uncertain that the defendant and the court cannot know the exact cause of action alleged in each count. Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 443, 52 So. 38, 40. In the case last cited it was said, among other things, as follows:

"It is a matter too easy of performance not to be required that a plaintiff shall in each count of his complaint—if the action be by a servant against the master for personal injuries —inform the defendant whether he will proceed to enforce the common-law duty of the master to furnish proper appliances, or whether he will proceed under the employer's act, and, if so, under which subdivision. The averments of the count should not leave it in doubt or uncertainty as to which of these liabilities is declared on. The plaintiff may select any, or proceed as to all; but it should be by separate counts as to each, which should be reasonably certain in its averments as to the particular liability sought to be enforced. (Authorities cited.)"

We do not mean to indicate that the averments in the case at bar are in all respects identical with those in the counts under consideration in the Smith case, supra. However, we feel that the observations made in that case are applicable here.

Without further effort to explain the rather confusing averments in Count Four,

we hold that under the authorities cited and quoted from above the trial court did not err in sustaining the demurrer to that count.

■ The assignment of error concerning the action of the trial court in sustaining the demurrer to Count Four being without merit and that assignment being argued in bulk with the other assignments of error here involved, reversible error does not appear in any of the assignments of error. Gulf, M. & O. R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449.

We would like to say, however, that we are of the opinion that Counts Three, Four, Five and Six each contain allegations which remove the count from the influence of the Workmen's Compensation Act, which has no application either to casual employees or to independent contractors. That question seems to be the only one which counsel for appellant has treated in his brief.

■ As we have indicated, the record before us does not set out the demurrer which the trial court held to be well taken after the complaint had been amended by the addition of Counts Three and Four and the decree sustaining the demurrer to the complaint as thus amended was general. In this state of the record, we must presume that the defendant availed himself of any tenable ground of objection to the complaint as thus amended. Vogler v. Manson, 200 Ala. 351, 76 So. 117; Leverett v. Garland Co., 206 Ala. 556, 90 So. 343. See Gaines v. Harmon, 246 Ala. 307, 20 So.2d 503.

In view of the foregoing, we hold that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.