133 So.2d 215

G. F. PRESTWOOD et al.

v.

THOMPSON COMPANY, Inc.

4 Div. 44.

Supreme Court of Alabama.

Sept. 21, 1961

Fleming & Stephens, Elba, for appellants.

S. Fleetwood Carnley, Elba, and Oliver W. Brantley, Troy, for appellee.

STAKELY, Justice.

Thompson Company, Inc. (appellee) brought this suit to recover from G. F. Prestwood and George Prestwood, doing business as Prestwood Brothers (appellants) $1,933.75 for seed peanuts sold by plaintiff to the defendants on June 17, May 16, and May 23, 1958, together with interest thereon. The defendants filed a plea of the general issue and a plea in recoupment on the basis of a breach of an implied warranty. The plaintiff moved the court to limit the plea in recoupment to the diminution of the price. The court granted the motion on the basis of § 75, Tit. 57, Code of 1940, which the court held had application. At the conclusion of the testimony, the court gave the affirmative charge without hypothesis in behalf of the plaintiff. Thereupon, judgment was duly rendered in favor of the appellee and against the appellants.

The defendants admitted that they purchased and received delivery of the seed peanuts from the plaintiff, that they have not paid for the peanuts and that the sale price was $1,933.75. The defendants' plea in recoupment, and the facts relied upon by the defendants to defeat the claim and to claim damages for breach of an implied warranty were the matters submitted on the trial.

The appellants (defendants) argue three assignments of error to wit:

"(4) The Court erred in its ruling that the defendants, Appellants here, could only offset the sum claimed in the complaint of $1933.75, and could not claim for any excess over.

"(5) The Court erred in permitting the witness, J. H. Kinard, to testify as to certain diseases of plants, it not being shows that said witness was an expert or first having qualified as an expert in plant diseases.

"(6) The Court erred in permitting the witness, Dr. J. A. Lyle, a witness for the plaintiff, to testify as to his examination of certain peanut plants which were left in his office at Auburn, Alabama, it not being shown that the plaintiffs, or either one of them, carried the peanuts to Dr. Lyle, and it not being shown that it was the same peanuts left by the defendants in the office of Dr. Lyle, and, therefore, the said Dr. Lyle should not be permitted to testify as to the examination of plants found in his office without ascertaining that the same were delivered to him by the defendants or some other person authorized or empowered by them to do so. This testimony was admitted over the objections of the defendants."

Inasmuch as the lower court gave the general affirmative charge for the appellee (plaintiff), ordinarily the first question would be whether the appellants (defendants) presented any evidence which would tend to show a breach of an implied warranty. But whether there was any evidence before the jury tending to support appellants' case is not an issue before this court. Appellants have made no assignment of error challenging this adverse ruling of the trial court, that is the giving of the affirmative charge. They have not even argued it in their brief, therefore the ruling will not be passed upon on appeal. Lewis v. Haynes, 266 Ala. 564, 98 So.2d 52. An error must be assigned in order to be reviewed. No question is reserved for decision which is not embraced in a due assignment of error. Rule 1, Rules of Su-

preme Court, Code of Ala., Title 7, Appendix. Thus the action of the trial court in giving the general affirmative charge will be taken as correct.

 The testimony in question was presented by the appellee in defense to the alleged breach of warranty. The peremptory charge was given not on the basis of the questioned testimony but because there was a total failure of proof as to the alleged breach of warranty. If there was error in admitting this testimony, it would be error without injury. Likewise, limiting the appellants' plea in recoupment was not detrimental. If the appellants were not entitled to any damages at all, they could not be injured by a ruling limiting the amount. The ruling had no effect upon the result which would have been the same if the ruling had never been made or if it had been just the opposite. Error must be prejudicial to be reversible. Rule 45, Rules of Supreme Court, Code of Ala., Tit. 7, Appendix.

The judgment of the lower court is due to be affirmed.

Affirmed

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.